62 450
j132 29

## KEELINE v. THE CITY OF COUNCIL BLUFFS ET AL.

1. **Jurisdiction:** OF CAUSE PRESENTED WITHOUT ACTION UPON AN AGREED STATEMENT OF FACTS. The courts of this state have no jurisdiction to entertain a cause presented without action upon an agreed statement of facts, unless it is shown by affidavit that the controversy is real, and that the proceeding is in good faith to determine the rights of the parties thereto. Code, § § 3408, 3409.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, DECEMBER 12.

THIS is a case, prosecuted without action, upon an agreed

statement of facts, wherein plaintiff sought an injunction restraining defendants from opening an extension of a street. The district court dismissed the proceeding, and plaintiff appeals.

*John H. Keatley*, for appellant.

*W. S. Mayne* and *G. A. Holmes*, for appellee.

BECK, J.—I. This proceeding is wholly based upon an agreed statement of facts, signed by the attorneys of the parties, wherein the relief sought by plaintiff is prayed for. There are no pleadings in the case, nor was there any notice or other process served upon defendant. The Code contains the following provisions applicable to the question of the sufficiency of the proceedings to authorize an adjudication of the questions of law and fact arising in the case:

"Section 3408. Parties to a question in difference, which might be the subject of civil action, may, without action, present an agreed statement of the facts thereof to any court having jurisdiction of the subject matter.

"Section 3409. It must be shown by affidavit that the controversy is real, and that the proceeding is in good faith to determine the rights of the parties thereto."

II. The affidavit required by the last of these sections was not made and presented to the court. This requirement is jurisdictional, and, in the absence of compliance therewith, the circuit court was not authorized to take cognizance of the case.

The object of the statute is to withhold from the consideration of the courts all cases wherein real interests of parties are not affected, and to prevent decisions being demanded where there are no conflicting rights and claims. Did not the statute so provide, decisions could be obtained by parties whose interests are one way, which would be sought without the *good faith* contest necessary to a correct decision of all questions of law and fact; and parties might obtain decis-

ions upon questions of law and fact from motives of mere curiosity, where no real conflicting interests exist between them. The courts in the decision of all cases ought to have the aid of discussion by parties adversely interested, and ought not to be required to determine questions where no conflicting interests are involved. The consideration that decisions of the courts establish rules of the law applicable to the rights and property of all citizens supports this conclusion.

As the record before us fails to show that the district court had jurisdiction of the case, its judgment dismissing the proceeding is

AFFIRMED.