[S. F. No. 224.   Department One.—March 5, 1896.]

JAMES WHITE, APPELLANT, v. J. F. CLARKE, RE-
SPONDENT.

SUBMISSION OF CONTROVERSY—AGREED CASE—SUBJECT OF CIVIL ACTION.
There can be no proper submission of a controversy upon an agreed case,
under section 1138 of the Code of Civil Procedure, unless the agreed case
shows a question in difference between the parties which might be the
subject of a civil action.

ID.—TITLE TO LANDS—STATE PATENT—CLAIM OF UNITED STATES HOME-
STEAD.—An agreed case, showing that the defendant has acquired title
to certain lands under a state patent, and that the plaintiff, being quali-
fied, has duly claimed the land as a homestead under section 2289 of the
Revised Statutes of the United States, giving reasons for such claim and
for the invalidity of the patent, many of which are based upon facts
not set forth in the agreed case, and stipulating that if the patent is
valid the title should be sustained, whereas, if it is void, the plaintiff's
claim to enter the land as a homestead is proper, but not showing that
either of the parties is in possession or seeks to gain or withhold the
possession, nor stating any facts showing that plaintiff has any right to
question the patent under which defendant claims title, does not state
any controversy which is the subject of a civil action in the courts of
this state.

ID.—INSUFFICIENT AFFIDAVIT—REALITY OF CONTROVERSY—GOOD FAITH.—
An affidavit for the submission of a controversy without action must
show that the controversy is real, and that the proceedings are in good
faith to determine the rights of the parties; and an affidavit which, in-
stead of showing that the controversy is real, states that "the state-
ment of the case" is "a real controversy," and, instead of stating that
the proceedings are in good faith, states that the "contention" is in
good faith, is insufficient to authorize the court to entertain the sub-
mission.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.   C. W. SLACK,
Judge.

The facts are stated in the opinion of the court.

M. J. MacGrath, for Appellant.

David Barry, for Respondent.

HARRISON, J.—This proceeding purports to have been
instituted in the superior court of the city and county
of San Francisco, under section 1138 of the Code of
Civil Procedure, for the purpose of obtaining a judg-

ment of the court upon an agreed case. The document upon which the judgment was sought is prefaced by the statement: "The plaintiff and the defendant agree to submit this controversy without action, and present the following facts"; and, after setting forth certain facts, concludes: " Wherefore, the plaintiff, as well as the defendant, agrees to submit this controversy, without action, upon the foregoing statement. Judgment of the court is respectfully prayed." It is stated in the "agreed case" that the defendant has acquired title to certain lands in San Francisco which are not within the boundaries of the patent issued to the city by the United States under a patent issued by the governor of the state January 24, 1881, and, as impairing the effect of this fact and the sufficiency of the title thus acquired, is the statement: "That on January 12, 1895, the plaintiff being qualified to claim a homestead under section 2289 of the Revised Statutes of the United States, duly claimed said land as a homestead," together with a statement in the form of an argument on behalf of the plaintiff, in which are given various reasons why the patent issued to the defendant is invalid, many of which are based upon the existence of facts which are not set forth in the agreed case. The document also contains a stipulation that, if the patent is valid, the title of the defendant shall be sustained, whereas, if it is void, the plaintiff's *claim* to " enter the land as a homestead " is " proper." Following the foregoing " agreed case" are certain stipulations of other facts signed by persons purporting to be attorneys for the respective parties to the controversy; and at the end thereof is the following affidavit:

" Now comes James White, the plaintiff, and J. F. Clarke, the defendant, who, being duly sworn, deposes and says that the above and the foregoing statement of the case containing the facts above stated is a real controversy, and the contention is in good faith to determine the rights of the parties.     JAMES WHITE.
" J. F. CLARKE.

" Subscribed and sworn to before me this 12th day of January, 1895.            G. W. F. COOK,

" Justice of the Peace, etc."

The transcript does not contain any copy of the judgment, and only from certain recitals can it be ascertained whether any judgment has been given or entered. The only recital of the character of the judgment is the following statement, injected into the body of the agreed case, immediately preceding the aforesaid affidavit: "On June 21, 1895, judgment was given for defendant, and the same was duly entered August 8, 1895"; but this was evidently no part of the original submission, as it relates to dates subsequent to the date of the affidavit.

From the foregoing statement it is apparent that the proceeding in the superior court was not of a character to entitle it to be entertained. Section 1138 of the Code of Civil Procedure provides: " Parties to a question in difference which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have had jurisdiction if an action had been brought; but it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties." The document purporting to be an agreed case fails to show any question in difference between the parties which might be the subject of a civil action. It does not show that either of the parties is in the possession of the land described therein, or is seeking to gain or to withhold from the other the right of possession; nor is any fact stated tending to show that the plaintiff has any right to question the title claimed by the defendant. The statement that the plaintiff " duly *claimed* said land as a homestead" falls far short of conferring upon him any interest in the land or right to question the defendant's title; and whether the plaintiff would have the right to enter the land as a homestead under section 2289 of the United States Revised Statutes, if the patent under which the

defendant claims title is void, cannot be the subject of a civil action in the courts of this state. The affidavit annexed to the agreed case is also insufficient to authorize the court to entertain the proceeding. Instead of showing that the controversy is real, its language is that the "statement of the case" is a "real controversy"; and, instead of stating that the proceedings are in good faith, it states that the "contention" is in good faith.

The judgment is reversed and the cause is remanded to the superior court, with directions to that court to enter an order dismissing the proceeding.

VAN FLEET, J., and GAROUTTE, J., concurred.