TIMOTHY L. WOODRUFF, Appellant, *v.* THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.

SUBMISSION OF CONTROVERSY, WHEN UNAUTHORIZED. The statute, section 1279, Code Civil Procedure, providing for the submission of a controversy to the Supreme Court, authorizes such submission only where "it might be the subject of an action." This excludes special proceedings, and as the court is not authorized to answer abstract ques-tions of law, a submission of facts upon which a judgment cannot be rendered is unauthorized and the submission must be dismissed. This court will not in such case direct a judgment where the proper relief is only by mandamus or certiorari.

*Woodruff* v. *People,* 127 App. Div. 934, reversed.

(Argued December 4, 1908; decided December 15, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 6, 1908, in favor of defendants, upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Julius M. Mayer* and *George N. Ostrander* for appellant.

*Ellis J. Staley* and *John K. Ward* for respondents.

VANN, J. This was an attempt to submit a controversy pursuant to section 1279 of the Code of Civil Procedure. All that the record of submission shows is that on the 9th of May, 1908, the plaintiff presented a petition to the highway com-missioners at the town of Arietta, Hamilton county, alleging

certain facts and asking those officers to lay out a highway in said town. They refused to do so, upon the ground that they had no jurisdiction, because some of the lands through which the proposed highway was to be opened constituted part of the forest preserve. Some other facts were set forth in the stipulation for submission relating to certain letters patent, deeds, etc., but nothing to show an existing controversy between the parties other than as stated. The stipulation, which is signed by the plaintiff, the forest, fish and game commissioner and the highway commissioners of said town, closes as follows : " The questions presented to this court for decision are :

" 1. Whether the letters patent constitute a dedication of five acres out of every one hundred acres over which the Highway Commissioners of the town of Arietta, Hamilton county, could exercise jurisdiction for the purpose of laying out a highway therein as provided by section 80 of the Highway Law ?

" 2. If said letters patent constitute a dedication of five acres out of every one hundred acres over which the Highway Commissioners of the town of Arietta, Hamilton county, can exercise jurisdiction for the purpose of laying out a highway, are said commissioners deprived of jurisdiction for said purpose by reason of the lands being situate in and constituting a part of the Forest Preserve of the State of New York ? "

The parties apparently intended that the submission should perform the function of a writ of certiorari to review the determination of the highway commissioners, or of a writ of mandamus to compel them to lay out the proposed road. No controversy, however, can be the subject of a submission under the Code of Civil Procedure unless it " might be the subject of an action." (§ 1279.) Upon filing the record of submission " the controversy becomes an action." (§ 1280.) Certain provisional remedies " cannot be granted in such an action " and " the action must be tried by the court upon the case alone." (§ 1281.) Thus the statute indicates that unless

36

the controversy can be determined by an action, as distinguished from a special proceeding, the parties have no right to submit to the court any question to be determined. We are not authorized to answer abstract questions of law in order to aid the determination of actions not yet commenced. We can only answer questions which control the decision of pending actions or proceedings, and then only when they are certified to us by the Appellate Division according to law.

Moreover, the record of submission should set forth the relief demanded by either party and the general nature of the judgment to be entered by the Appellate Division, as the court of first instance, " if the action is in the Supreme Court." (§ 1281.) Thus it has been held that " a case must be presented in which a judgment may be rendered in favor of one and against the other of the parties to the submission and the case must indicate what judgment is asked for." ( *Williams* v. *City of Rochester*, 2 Lans. 169.)

The Code " does not mean that the opinion of the Appellate Division can be obtained in a proceeding of this character upon a mooted question of law, merely because the answer thereto would or might be a guide to the determination of a lawsuit between the parties interested, to be instituted upon other and further facts than those stated. The Code contemplates the existence and presentation of a state of facts upon which the person named as plaintiff in the submission could bring an action at law or in equity against the person named therein as defendant, and which of themselves, if established by proof in such an action, would entitle the person named as plaintiff to some sort of a judgment against his adversary, if the court agreed with the plaintiff as to the law applicable to the facts." ( *Clapp* v. *Guy*, 31 App. Div. 535.)

In a purported submission the court was asked for its opinion upon three formulated questions, but no authority was given to direct judgment. The Appellate Division said : " Until the parties stipulate that a judgment may be directed herein and also what the nature of the judgment shall be, in view of the contentions of the respective parties, we cannot

exercise any jurisdiction in the matter." (*Marshall* v. *Hayward*, 67 App. Div. 137.)

Since the argument the parties have filed with us a stipulation "that the record in the above-entitled case be amended by inserting therein at the end of the submitted controversy * * * the following additional statement:

"Wherefore judgment is demanded, with costs as follows:

"(1) In the event of the questions submitted being determined in favor of the plaintiff that judgment be made directing the highway commissioners of the town of Arietta, Hamilton county, to lay out the highway applied for in the petition of said plaintiff herein ; or

"(2) In the event of the questions submitted being determined in favor of the defendants that a judgment be made affirming the order dated May 9, 1908, of the highway commissioners of the town of Arietta, Hamilton county, denying said application of the plaintiff."

We have often held that we can review the determination of the Appellate Division only upon the record that was before that court, but perhaps we may refer to the stipulation as part of the argument of counsel in order to learn the position of the parties, because it shows conclusively that the function which they sought to have the submission perform is such only as could be attained through one or more special proceedings. If we answer the questions in favor of the plaintiff, the relief now demanded is such as should be sought by a writ of peremptory mandamus, and if we answer them in favor of the defendants the relief sought should be reached by a writ of certiorari. We can award neither form of relief upon a submission under section 1279 of the Code. Whether · any statute authorizes the submission of a controversy in behalf of the state we do not consider.

The judgment of the Appellate Division is reversed and the submission dismissed, without costs to either party.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.