JUNE, 1912. 171

Honolulu Rapid Transit & Land Co. v. Territory, 21 Haw. 171.

HONOLULU RAPID TRANSIT & LAND COMPANY *v.*
THE TERRITORY OF HAWAII AND MARSTON
CAMPBELL, SUPERINTENDENT OF PUBLIC
WORKS.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED JUNE 13, 1912.                    DECIDED JUNE 15, 1912.

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

SUBMISSION OF CONTROVERSY—*judgment.*

> Where, in a submission on agreed facts without action, the case
> presented is such that an enforceable judgment cannot be entered,
> the proceedings should be dismissed.

SUPPLEMENTAL OPINION OF THE COURT BY ROBERTSON, C. J.

Following the filing of the opinion in this case reported *ante*
p. 136 counsel for the railway company informally notified
the court of the company's intention to take an appeal, and the
question as to what form the judgment should take having arisen
counsel for both parties were notified that they would be heard
on the point. The matter has been fully argued orally and in
briefs. Counsel for the government have taken the position
that, upon several grounds which we will not stop to review
in detail, no judgment can properly be entered in the case.
Counsel for the railway company contend, first, that the sub-
mission should be regarded as having taken the place of a
petition for a writ of mandamus, in which case the judgment
should award a peremptory writ, and, second, and alternatively,
that it may be regarded as a bill for an injunction, in which
case the prayer for an injunction would be denied and the bill
dismissed.

We think the submission was entered into by the parties
without any thought as to the entry of a judgment in the case.
It seems as though counsel had in mind only the obtaining of
the views of the court on the questions stated in the submission.

172    SUPREME COURT OF HAWAII.

The case was argued and submitted for determination without any reference being made by counsel as to what judgment should be entered, and we must confess that in rendering our opinion we did not consider the point. Notwithstanding what was said in *Bishop* v. *Judd,* 4 Haw. 29, 32, in regard to the possibility of the statute providing for the submission of controversies without action being so used as to make the court an office of consultation, we fear that some laxity has entered into proceedings heretofore brought under the statute. It is clear that the statute contemplates the entry of an enforceable judgment (R. L. Sec. 1751) and we cannot give our approval to the entry of a judgment that merely answers certain questions such as was done in the case of *Rapid Transit Co*. v. *Tram Co.,* 13 Haw. 363.

There are several reasons why the submission should not be regarded as having taken the place of a bill for an injunction to prevent the paving of the portion of the street referred to by the government. The submission contained no allegation of any threat that unless the company should do the paving the government would do it at the company's expense; nor was there an allegation that the company had been notified that the municipality was about to proceed with the work with the intention of bringing suit against the company to recover the cost; the municipal officials were not made parties; and it is not likely that an injunction would have been sought against the Territory.

Nor can the submission be regarded as a proceeding for a writ of mandamus instituted by the Territory. In addition to the fact that the parties appear not to have contemplated the entry of a judgment, but only that the court would answer the questions propounded, the submission itself shows that the railway company assumed the position of plaintiff in the case. The concluding clause of the submission is as follows: "Wherefore, plaintiff and defendants submit the matter for judgment."

An argument was advanced by counsel for the government

to the effect that no judgment can be entered because the parties to the submission did not designate the nature of the judgment desired. The cases in other jurisdictions are in conflict on this point. See *Woodruff* v. *People,* 193 N. Y. 560; *Williams* v. *Iredell County,* 132 N. C. 300. The provisions of our statute perhaps are sufficient to authorize the entry of judgment without any prayer therefor by the parties if no obstacle intervenes. R. L. Secs. 1750, 1751. A prayer for judgment designating the nature of the judgment desired would undoubtedly conduce to certainty, but a ruling upon the necessity of such a prayer is, in our view, not required in this case.

For the reasons above assigned we hold that this submission cannot be regarded as an injunction bill or a proceeding in mandamus, and that no enforceable judgment can be entered in the case. We also hold that because of the fact that such a judgment cannot be entered the entire proceedings must be dismissed. It is so ordered.

*D. L. Withington (Castle & Withington* on the brief) for the Rapid Transit Co.

*A. G. Smith, Deputy Attorney General,* for the Territory and Superintendent of Public Works.

*F. W. Milverton, Deputy City and County Attorney,* filed a brief on behalf of the City and County of Honolulu.