(November 7, 1923.)

J. H. STODDARD, Respondent, v. THE WILLIAM A. DAVIS COMPANY, a Corporation, and W. N. PURDY, Assignee, Appellants.

[220 Pac. 115.]

APPEAL AND ERROR—MOTION TO DISMISS—SUBMISSION OF CONTROVERSY —JURISDICTION—AFFIDAVIT.

> A proceeding based upon an agreed statement of facts, signed by counsel for the parties, will be dismissed for want of jurisdiction when the affidavit required by C. S., sec. 7305, showing that the controversy is real and the proceedings in good faith to determine the rights of the parties, is not made and presented to the court.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. George W. Edgington, Judge.

Action on contract. Judgment for plaintiff. Motion to dismiss appeal. *Appeal dismissed and judgment vacated.*

F. A. Miller and Miller & Ricks, for Respondent.

The trial court in this cause did not acquire jurisdiction. In most of the states the submission must be accompanied by an affidavit that the controversy is real and that the submission is made in good faith, for the purpose of determining the rights of the parties. Such an affidavit, where required, is jurisdictional. (*White v. Clarke,* 111 Cal. 425, 44 Pac. 164; *Gisen v. Reder,* 151 Ind. 529, 51 N. E. 353, 1060; *City of Shelbyville v. Phillips,* 149 Ind. 552, 48 N. E. 626; *Myers v. Lawyer,* 99 Ind. 237; *Manchester v. Dodge,* 57 Ind. 584; *Sharpe v. Sharpe,* 27 Ind. 507; *Witz v. Dale,* 129 Ind. 120, 27 N. E. 498; *Keeline v. Council Bluffs,* 62 Iowa, 450, 17 N. W. 668; *Johnson v. Cameron,* 2 Okl. 266, 37 Pac. 1055; 1 Stand. Proc. 758, note 17; *Molandin v. Colorado Cent. Ry. Co.,* 3 Colo. 173; *Jones v. Hoffman,* 18 B. Mon. (Ky.) 656.)

"The affidavit is intended to supply to the court the protection against the imposition of fictitious controversies which in other proceedings is supplied by pleadings and proof. If this affidavit be wanting the case is not an agreed case." (1 Stand. Proc. 759.)

This affidavit must appear in the transcript or no question is presented to the court for review. (1 Stand. Proc. 759, notes 18, 19 and 20.)

The affidavit is what confers jurisdiction upon the court, and without it the proceeding is a mere nullity. (*Town of Plainfield v. Village of Plainfield,* 67 Wis. 525, 30 N. W. 672.)

A stipulation of the parties cannot move the court to consider abstract questions of law. There is no prayer for judgment. (1 Standard Proc. 741, notes 43 and 44; *Woodruff v. People,* 193 N. Y. 560, 86 N. E. 562.)

C. Redman Moon, for Appellants.

The parties to the stipulation out of which the judgment grew submitted themselves to the jurisdiction of the court.

It is well established as a general rule that where the court has jurisdiction of the subject matter, or cause of action, jurisdiction over the parties may be conferred by consent unless such a submission to jurisdiction would be in violation of some statute. Accordingly, defects of jurisdiction arising from irregularities in the commencement of the proceedings, defective process, or even the absence of process, may be waived by a failure to make seasonable objections. (15 C. J. 808, 809; *Wayne v. Alspach,* 20 Ida. 144, 116 Pac. 1033; *Littleton v. Burgess,* 16 Wyo. 58, 91 Pac. 832, 16 L. R. A., N. S., 49; *Richardson v. Ruddy,* 15 Ida. 488, 98 Pac. 842.)

"Where a party invokes the jurisdiction of a court, he cannot thereafter be heard to deny that the court has jurisdiction." (*Littleton v. Burgess, supra.*)

The court having obtained jurisdiction of the subject matter and parties, would settle all questions in relation

thereto.    (15 C. J. 810; *Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535.)

BUDGE, C. J.—This action was attempted to be submitted to the lower court as an agreed case, under the provisions of C. S., sec. 7305, which is as follows:

"Parties to a question in difference which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought; but it must appear, by affidavit, that the controversy is real and the proceedings in good faith, to determine the rights of the parties. The court must thereupon hear and determine the case and render judgment thereon, as if an action were pending."

Counsel for respondent has presented motions to dismiss the appeal and strike the transcript upon various grounds, the most serious of which is the alleged lack of jurisdiction on the part of the lower court to entertain the proceeding.

It will be noted from this statute that an express condition to the submission of a case under its provisions is that "it must appear, by affidavit, that the controversy is real and the proceedings in good faith, to determine the rights of the parties." In this case no such affidavit appears in the record. The case was submitted upon a stipulation of facts. At the close of the recital of facts stipulated, two questions of law were propounded to the court for its decision. After argument the court rendered the judgment from which this appeal is taken.

Our statute for the submission of an action upon an agreed case was taken *verbatim* from California. California adopted it from New York. Many other states have enacted statutes substantially the same as the Idaho statute, in which the same or a similar requirement as to affidavit of good faith is required, and such statutes have been construed by the courts of New York, California, Indiana, Kentucky, Iowa, Wisconsin, North Carolina, South Carolina and Montana.

It has been uniformly held that where there is no affidavit there is no submission of a controversy within the purview of the statute, and the court does not acquire jurisdiction.

"This mode of proceeding without summons or voluntary appearance and without issue made by the pleadings, being unknown to the common law, the statutes upon all questions affecting the jurisdiction of the court must be strictly construed. The court acquires jurisdiction and can render judgment only when the parties observe the necessary requirements and formalities of the statute." (1 Standard Ency. Proc. 738, and note citing many authorities.)

In the case of *Jones v. Hoffman*, 18 B. Mon. (Ky.) 656, it was held:

"The language of this section is explicit and admits of but one construction. The jurisdiction of the court to hear and determine an agreed case depends upon the conditions prescribed by the latter clause, and without the required affidavit, setting forth the facts mentioned, the court has no authority to hear or determine the case, or to render a valid judgment."

A bare stipulation to submit a controversy to the court under this statute is not of itself sufficient to confer jurisdiction. Also, in the case of *Keeline v. Council Bluffs*, 62 Iowa, 450, 17 N. W. 668, it was held:

"A proceeding based upon an agreed statement of facts, signed by counsel of the parties, will be dismissed for want of jurisdiction when the affidavit required by sec. 3409 of the Code, showing 'that the controversy is real, and that the proceeding is in good faith, to determine the rights of the parties,' is not made and presented to the court."

No case has been called to our attention in which it is held that the court may be vested with jurisdiction in the absence of the affidavit required by the statute. So strictly has this requirement been construed that in California an affidavit which recited that "the statement of the case" was a "real controversy," instead of stating that the controversy was real, and which recited that the "contention" was in good faith, instead of stating that the proceedings

were in good faith, was held insufficient.    (*White v. Clarke,* 111 Cal. 425, 44 Pac. 164.)

In the case of *Waters v. Boyd,* 179 N. C. 180, 102 S. E. 196, it was held that the recital in the affidavit that "the controversy between them is genuine and is submitted to the court to determine the rights of the parties" was not in compliance with the statutory provisions to the effect that the affidavit must set out that the controversy is real and the proceedings in good faith to determine the rights of the parties.

The stipulation of submission contains no averments which can possibly be deemed to take the place of the statutory affidavit, even if it be admitted that the requirement of the statute could be thus complied with.    After a recital of facts stipulated, it continues: "That the questions of law herewith submitted to the court are as follows:" but nowhere in the stipulation is there a prayer for judgment.

As was said in the case of *Woodruff v. People,* 193 N. Y. 560, 86 N. E. 562:

"Until the parties stipulate that a judgment may be directed herein, and also what the nature of the judgment shall be, in view of the contentions of the respective parties, we cannot exercise any jurisdiction in the matter.    (*Marshall v. Hayward,* 67 App. Div. 137, 73 N. Y. Supp. 592.)"

From the foregoing it follows that there was no valid judgment below, therefore there is nothing here for review.    The judgment entered should be vacated and the appeal dismissed, and it is so ordered.    Costs are awarded to respondent.

McCarthy, Dunn, Lee, William A. and Wm. E. Lee, JJ., concur.