## WILES v. BOARD OF COUNTY COM'RS OF ALFALFA COUNTY.

No. 26845.   Dec. 8, 1936.

P. C. Simons, H. C. Kirkendall, and W. E. Wiles, for plaintiff in error.

O. Mark Ginder, for defendant in error.

PER CURIAM. This suit was instituted by the board of county commissioners of Alfalfa county, Okla., on February 9, 1929, against W. E. Wiles to recover moneys paid to him as salary, without authority of law, as county judge, and was submitted to the trial court upon an agreed statement of facts.

W. E. Wiles was elected county judge of Alfalfa county in November, 1926, and qualified as such on the second Monday in January, 1927. At the time of his election, the salary of such office was fixed by law at $1,800 per annum. Subsequent to the election of Wiles as county judge, the Legislature passed an act changing the salary of the county judge of Alfalfa county to $2,500 per annum. This act was approved March

4, 1927, being section 7899, Okla. Stats. 1931, as follows:

"That in Alfalfa county, Oklahoma, the county attorney and county judge shall receive salaries of $2,500 each per annum payable monthly. The county treasurer and sheriff $2,400 each per annum payable monthly."

From his induction into office in January, 1927, to July 1, 1927, Wiles was paid a salary at the rate of $1,800 per annum. When the new salary act went into effect on July 1, 1927, he made claims for and was paid at the rate of $2,500 per annum, as provided under the new act, and was so paid for 13 months, the excess amount of said payments made to and received by him under the new law being $758.33. A judgment was rendered against him in this amount, from which Wiles appeals.

The defendant, Wiles, urges that this action cannot be maintained because the petition fails affirmatively to allege an authorization of the same by the board of county commissioners. This contention is without merit. Such allegation is not material in stating the cause of action under the facts in this case when brought by the county attorney, as was done herein.

Error is assigned because of denial by the trial court of the defendant's motion to dismiss this action. This motion charged that when this suit was brought, another suit was pending in the same court, between the same parties, which involved the identical subject-matter. This motion, to which was attached a copy of the record in the alleged pending suit, discloses that the same was a stipulated submission of matters in controversy and initiated under the provisions of section 403, Okla. Stats. 1931. Section 403 provides for the voluntary submission of matter in controversy to the court by stipulation, and expressly provides:

"But it must appear, by affidavit, that the controversy is real, and the proceedings in good faith, to determine the rights of the parties. The court shall thereupon hear and determine the case and render judgment as if an action were pending."

This affidavit is a necessary prerequisite to create a pending issue before the court. A careful examination of the record as submitted herein, in that proceeding, shows that the effort of submission was incomplete in that it discloses no affidavit as required by said section 403, and for that reason no pending suit was before the court upon which it could "determine the rights of the parties."

The court properly overruled the motion to dismiss.

"Under section 4419, Statutes 1893, parties to a question which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear, by affidavit, that the controversy is real, and the proceedings in good faith, to determine the rights of the parties. The court shall thereupon hear and determine the case and render judgment as if an action were pending." Johnson, Sheriff, v. Cameron, 2 Okla. 266, 37 P. 1055.

"A proceeding based upon an agreed statement of facts, signed by counsel for the parties, will be dismissed for want of jurisdiction when the affidavit required by C. S., sec. 7305, showing that the controversy is real and the proceedings in good faith, to determine the rights of the parties, is not made and presented to the court." Stoddard v. William A. Davis Co., 38 Idaho, 249, 220 P. 115.

See, also, Robinson v. Bruce Rent-A-Ford Co. (Iowa) 215 N. W. 724; Finney v. Corbett, 193 N. C. 315, 136 S. E. 878; White v. Clark, 111 Cal. 425, 44 P. 164.

The real question presented on this appeal is elemental in this court. Section 10, art. 23, of the Oklahoma Constitution inhibits any change in the salary or emoluments of any public official after his election or appointment, or during his term of office unless the particular officer be excepted from its provisions, and salary payments made without authority of law may be recovered in a proper proceeding. The office of county judge of Alfalfa county is not excepted from this inhibition. The board of county commissioners of that county were empowered to initiate this suit against Wiles to recover the salary payments made to him without authority of law.

"It is settled law in this jurisdiction that a public officer, for the performance of the duties of his office, is entitled only to that compensation which is provided by law, and that before a public officer can rightfully draw money from the public treasury, either for salary, fees, expenses or extra compensation, he must be able to point to some constitutional or statutory provision, or some lawful contract, either expressed or implied, which justifies his claim to such money, and that if money be paid to such public officer without authority of law, the same may be recovered from him by proper action." Shelton v. State, 62 Okla. 105-8, 162 P. 224.

See, also, Board of County Commissioners

v. Culwell, 41 Okla. 712, 139 P. 979; Carrico v. Couch, 45 Okla. 672, 146 P. 447; Board of County Commissioners v. Bruce, 51 Okla. 541, 152 P. 125; Board of County Commissioners v. Mathews, 147 Okla. 296, 296 P. 481.

The defendant, Wiles, was without right to receive a greater salary than was fixed by law at the time of his election as county judge.

The judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys John B. Meserve and Harry Campbell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Meserve and approved by Mr. Campbell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.