LESTER McCOY, ET AL., *v.* GERALD R. CORBETT, CONTROLLER, CITY AND COUNTY OF HONO-LULU, ET AL.

No. 2450.

ARGUED OCTOBER 8, 1940.        DECIDED NOVEMBER 22, 1940.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE BUCK
IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

This is a submission upon an agreed statement of facts entered into under the provisions of section 3616, R. L. H. 1935. Said section provides *inter alia* that "Parties to a question in difference which might be the subject of a civil action in the * * * circuit court * * * may, without action, agree upon a case containing the facts upon which a controversy depends and present a submission of the same to the supreme court; but it must appear by affidavit that the controversy is real and the proceedings in good faith to determine the rights of the parties."

The parties to the submission are the members of the park board of the City and County of Honolulu in their official capacity complaining of the action of the controller of the City and County of Honolulu in refusing to approve certain warrant vouchers presented to him by said board for his approval and the action of the auditor

in refusing to issue warrants thereon without the approval of the controller.

After briefs were filed and oral argument heard, we called upon counsel to present their views on the question of whether or not the submission presents a question which could be the subject of a civil action in the circuit court. The fact that the park board has not been given the right to sue or be sued raised the question in our mind which we called upon counsel to discuss. Both counsel argue that we should settle the question in difference regardless of the fact that the park board as such is not authorized by law to sue.

As held by this court in *Honolulu Rapid Transit & Land Co.* v. *Territory*, 21 Haw. 171, it is clear that the statute contemplates the entry of an enforceable judgment. No judgment can be entered either in favor of or against the park board. This is so for the reason that said board is not authorized by law to sue or be sued. It is also clear, we think, that the controversy or difference submitted must be one which might be the subject of a civil action between the parties to the submission.

It is contended that although the park board may not sue or be sued, yet the individuals who compose the board are capable of suing and that they, instead of the board, should be regarded as the real parties to the submission. It seems to us that the obvious answer to this claim is the agreed statement of facts.

The pertinent facts alleged in the submission bearing upon the question of who are the real parties to the submission are, in effect, that the park board was created by the legislature of the Territory of Hawaii; that the individuals named in the submission are the duly appointed members of said board; that J. E. Lyons is the duly appointed and acting secretary of said board; that the park board entered into a written contract with Hono-

lulu Iron Works Company for the installation of a sprinkler system after advertisement and bids; that the park board, now and at all times mentioned herein, has had an unencumbered balance in park board funds sufficient to pay the stipulated price in the contract; that the contract was entered into by the board with the Honolulu Iron Works Company without the approval of the purchasing agent for the City and County of Honolulu; that the contract referred to has been fully performed by Honolulu Iron Works Company to the satisfaction of the park board and that nothing remains to be done other than the payment of the contract price; that the park board has drawn and submitted to the controller a warrant voucher for the payment of the contract price to Honolulu Iron Works Company but the controller refuses to authorize the auditor to draw and issue a warrant therefor and the auditor refuses to draw or issue a warrant without the controller's authorization.

The agreed facts demonstrate that whatever controversy or difference of opinion there is between the controller and the members of the park board, with reference to the power of the park board to contract for materials, supplies and equipment, relates to the board as a board and not to the powers of the individuals constituting the board, and that they have not, as suggested in the memorandum of counsel, purported to act in any other capacity than in their official capacity in submitting said controversy to this court.

It is pointed out in the memorandum of counsel that this court has entertained jurisdiction over several cases in which the members of a government board or commission were made parties. In each of these cases, however, the other party to the submission was an individual or company claiming to have acquired rights through

dealings with said board or commission, which said individual or company had the right to enforce by civil action.

If, as contended by the parties, the controller and auditor could be compelled to perform their respective duties as to the approval of the warrant vouchers and the issuance of the warrants on the theory that the purchasing agent section of Act 242, Haw. Laws 1939, does not apply to the park board, it occurs to us that the only party in whose favor such a judgment could be entered would be the party entitled to the warrants which the controller refuses to authorize and which the auditor refuses to issue without his authorization.

For the foregoing reasons we hold that the proceedings should be dismissed, and it is so ordered.

*Robertson, Castle & Anthony* for members of park board.

*W. C. Tsukiyama* for controller and auditor.