■ HYMAN GOODMAN, Plaintiff, v. WILLIAM HYMAN, Defendant.— Submission of controversy, pursuant to sections 546 to 548 of the Civil Practice Act, dismissed, without costs. The submission involves a dispute concerning an option to renew a lease between the parties. Plaintiff asks that we construe the lease or the lease and another written agreement together, so as to give effect to what he contends to be the obvious intent of the parties to both

instruments. Defendant asks us to find that the lease was given as part of the consideration for the other agreement, which provides for the purchase and sale of a stock of dry goods. Both plaintiff and defendant indicate that this controversy is to be decided by the finding by inference of facts other than those agreed upon in the submission, and as we understand defendant's contention, it is that we should find a fact which can have no effect upon the determination of the controversy submitted, but which may be of aid in the determination of another controversy between the parties. On the submission of a controversy such as this, we may only determine and define the effect of the agreed facts and have no power to find any additional fact, even if the submitted facts logically and reasonably admit of further important inferences which a trier of the facts might very well draw. (*Cohen* v. *Manufacturers Safe Deposit Co.*, 297 N. Y. 266, 269; *Town of Pelham* v. *City of Mount Vernon*, 304 N. Y. 15, 18.) Neither may we answer abstract questions of law in order to aid in the determination of a controversy other than that submitted. (Cf. *Woodruff* v. *People*, 193 N. Y. 560.) Furthermore, we are not informed by the parties as to the form of the judgment to which they claim to be entitled. Such information is essential to the determination of such a controversy. (*L. L. F. Realty Co.* v. *Fell*, 278 App. Div. 831; *Marshall* v. *Hayward*, 67 App. Div. 137; *Woodruff* v. *People, supra.*) Nolan, P. J., Wenzel, Murphy and Kleinfeld, JJ., concur. Beldock, J., dissents and votes to grant judgment in favor of plaintiff to the extent of declaring that under the lease plaintiff is entitled to exercise two options which would extend the lease to March 31, 1959. In my opinion, the form of the judgment to which each party claims to be entitled is clear from the submission. Plaintiff demands a declaratory judgment that the lease, dated March 16, 1950, by which plaintiff leased from defendant certain premises for three years from April 1, 1950 to March 31, 1953, contained two options to renew, each for three-year periods, so that the renewal periods will expire March 31, 1959. On the other hand, defendant demands a declaratory judgment that the lease contained only one option to renew, so that the renewal period expired March 31, 1956. As originally typed, the lease provided that the tenant shall have an option to renew for an additional three years on the same terms and conditions, except the option to renew. However, the word " except " was crossed out and the word " including " substituted. Therefore, the lease clearly provided that the tenant was to have an option for a second renewal of three years. There is no claim by defendant that the second option to renew was not properly exercised, if the lease contained two options to renew. Whether or not the lease was part of an agreement for the purchase and sale of certain dry goods is immaterial.