KAHUA RANCH, LIMITED *v.* FRANK W. HUSTACE, JR., COMMISSIONER OF PUBLIC LANDS, TERRITORY OF HAWAII.

No. 4004.

ARGUED MARCH 16, 1959.                    DECIDED APRIL 28, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Kahua Ranch, Limited, and the Commissioner of Public Lands of the Territory of Hawaii allege that there is a question in differ-

ence between them concerning the right of the former to use "the government waters arising on the land of Kawaihae 1st" and submit the alleged question for decision on agreed statement of facts.

The land of Kawaihae 1st is in South Kohala on the island of Hawaii and consists of two sections, namely, (1) the Hawaiian Homes Commission land, which extends from a crest of the Kohala Mountains, formed by Puu Ahia, Puu Mala and Puu Pala, in a southwesterly direction to the sea along Kawaihae Bay, and (2) the forest reserve area, being a portion of the Kohala Mountain Forest Reserve, adjacent to the Hawaiian Homes Commission land and extending from such crest in an easterly direction toward the Hamakua coast. Hereafter, wherever reference is made to "the forest reserve area," such reference will be to the portion of Kawaihae 1st which is in the Kohala Mountain Forest Reserve.

By General Lease No. 3358, dated February 14, 1951, the commissioner leased to Kahua the entire width of the Hawaiian Homes Commission land from the forest reserve line to 800 feet of high water mark along Kawaihae Bay, with the exception of four small kuleanas and the area covered by the Kamuela-Mahukona road, together with "the right to utilize so much of the government waters arising on the land of Kawaihae 1st as are in excess of that which are or may be appurtenant to the lands of others," for stock, irrigation and domestic purposes.

The question in difference alleged in the submission is "whether, under General Lease 3358, Kahua is entitled to take the waters arising on the mauka portion of Kawaihae 1st for its stock, irrigation and domestic purposes or whether the Territory excepted and reserved said waters unto itself or for continued disposition to others by the terms of said lease." The mauka portion of Kawaihae 1st to which reference is made is the forest reserve area. To refer to the forest reserve area as the mauka portion is somewhat misleading because the topmost part of the Hawaiian Homes Commission land is as high as, if not higher than, the topmost part of the forest reserve area. The two sections slope in opposite directions.

After the case was briefed and argued, there was a doubt in our minds as to whether the agreed statement set forth an existing controversy. So, we continued the case for the presentation by the parties of additional agreed facts pertinent to the alleged question

in difference. The parties failed to agree on additional facts, and Kahua moved for the disposition of the case on the record, while the commissioner moved for its dismissal without prejudice.

Kahua urges upon us that the record is sufficient for disposition. The commissioner, although originally joining in the submission, now takes the position that the case is not in a posture for decision in the absence of agreement on additional facts. We agree with the commissioner.

*Honolulu Rapid Transit & Land Co.* v. *Territory,* 21 Haw. 171, is determinative. There this court said: "We think the submission was entered into by the parties without any thought as to the entry of a judgment in the case. It seems as though counsel had in mind only the obtaining of the views of the court on the questions stated in the submission. * * * Notwithstanding what was said in *Bishop* v. *Judd,* 4 Haw. 29, 32, in regard to the possibility of the statute providing for the submission of controversies without action being so used as to make the court an office of consultation, we fear that some laxity has entered into proceedings heretofore brought under the statute. It is clear that the statute contemplates the entry of an enforceable judgment (R.L. Sec. 1751) and we cannot give our approval to the entry of judgment that merely answers certain questions such as was done in the case of *Rapid Transit Co.* v. *Tram Co.,* 13 Haw. 363." Like that case, the instant submission is no more than a request for an advisory opinion.

Kahua argues that it is entitled to use the waters arising on the forest reserve area because "Kawaihae 1st" is a well defined geographical designation, free of any ambiguity, which includes the forest reserve area as well as the Hawaiian Homes Commission land. The present status of the record precludes our consideration of the argument. Even if the argument is well founded, we have no authority to render a decision recognizing such right in the abstract.

Under our statute permitting the submission of a question in difference on agreed statement of facts, the question must be such as "might be the subject of a civil action." (R.L.H. 1955, § 227-1.) A civil action is predicated on a claim for relief. (H.R.C.P., Rule 8[a].) Such claim exists only when there is a violation, or a threat of violation, of a right.

There is a reference in the agreed statement to General Lease L-560, which expired on March 11, 1954, and an extension thereof on a revocable basis by Revocable Permit No. 1311, under which Kohala Ditch Company, Limited, is licensed to impound and sell the surface waters of the Kohala-Hamakua watershed and to construct ditches on government lands to carry the impounded waters from their sources to the points of sale. The Kohala-mauka extremity of the watershed adjoins the forest reserve area. The agreed statement sheds no light on the bearing that General Lease L-560 has on the question in difference. We may only surmise the significance by pyramiding a series of conjectures.

The map attached to the agreed statement shows a line designated as "Kehena Ditch," which starts at a point near the Kohala-mauka extremity of the watershed and extends across the forest reserve area to a point approximately seven miles beyond the forest reserve area. The agreed statement gives us no information about the ditch except that it exists. We assume, not from any agreed fact, but from the argument of the parties and from the contour of the land across which it passes, that the ditch is an installation constructed by the ditch company under General Lease L-560 primarily to carry the waters arising on the Kohala-Hamakua watershed to the consumers but that, in its course across the forest reserve area, the waters arising in the forest reserve area overflow into it.

Again, it is not stated in so many words in the agreed statement but there is an implication in the commissioner's argument that the question in difference arose because Kahua asserted a right to take the waters flowing in the Kehena Ditch upon the expiration of General Lease L-560, although it had not previously asserted such right. So, the commissioner says that the sole question for decision is: "Does the expiration of General Lease L-560, being the license to Kohala Ditch Company, in any way enlarge the rights to water granted to Kahua under General Lease 3358?"

To the commissioner's statement of the issue, Kahua counters by saying: "It is not Kahua's position that the expiration of the license to Kohala Ditch Company entitles it to utilize the waters in the Kehena Ditch which had been under license to the Kohala Ditch Company. On the contrary, the Plaintiff, Kahua, claims only

that it may utilize the waters arising on the land of Kawaihae 1st for its stock, irrigation, and domestic purposes." But Kahua does not say what occasioned it to make that claim. Perhaps, it intends to dig in the forest reserve area for subterranean waters, or, perhaps, it proposes to dam the surface waters arising on the forest reserve area before they reach Kehena Ditch. Whatever may be its plan, it does not charge that the commissioner has interfered, is interfering, or threatens to interfere, with the execution of such plan.

Thus, the agreed statement does not show a violation or a threat of violation of a right upon which a claim for relief may be predicated.

Kahua's motion for disposition on the record is dismissed. The commissioner's motion for dismissal of the case without prejudice is granted.

*Frank D. Padgett (Robertson, Castle & Anthony)* for plaintiff.

*Morio Omori,* Special Deputy Attorney General, for Commissioner of Public Lands.

