E. F. YOUNG, Receiver, v. Z. R. DAVIS.

(Filed 19 October, 1921.)

**1. Statutes—Interpretation—Presumptions.**

When there are two or more statutes on the same subject in the same or successive Legislatures, the presumption is against inconsistency, and they should be so construed as to harmonize with each other, and as a whole, in the absence of express repealing clauses, and each and every part allowed significance if this can be done by fair and reasonable interpretation.

**2. Same—Conflict—Additional Remedies—Procedure—Pleadings— Judgment—Courts—Clerks of Court.**

Ch. 156, Laws 1919, dealing with the procedure before the clerk as to service of process, the filing of pleading and rendering judgments by default, upon uncontested actions to recover upon bills, notes, bonds, and other forms of indebtedness, deals particularly with that class of actions, and is construed to be an additional remedy given, and not repealed by the provisions made applicable to the general procedure and remedies passed later at the same session of the Legislature, or by the amendment expressly referring to it, pass as ch. 96, Special Session of 1920; and ch. 156, Laws 1919, is in force as a permissive and selective method of procedure in the class of actions to which it refers.

**3. Statutes—Interpretation—Codification of Laws—Legislature.**

In the interpretation of statutes upon the same subject-matter at the same or a subsequent session, on the question of whether they have been repealed by a later act, the codification of the laws and its adoption by the Legislature thereafter, when relevant, may be considered by the courts.

MOTION to set aside judgment by default final, heard before his Honor, *Lyon, J.*, holding the courts of the Fourth District at Goldsboro, N. C., on 10 June, 1921, apparently by consent.

The facts more directly relevant to the inquiry and his Honor's judgment thereon are set forth in the record as follows:

It appears to the court, and the court finds from the record of the cause, and affidavits submitted, the following facts:

1. The summons in this cause was issued by the clerk of the Superior Court of Harnett County, 13 April, 1921, returnable 2 May, 1921, the last named date being the first Monday of May.

2. The summons was by the sheriff of Wilson County, together with a copy of the complaint, duly served on the defendant 20 April, 1921.

3. The complaint, duly verified, declared on a promissory note, and demanded judgment to the amount of the note, alleging that the plaintiff was the holder in due course of said note.

4. On 10 May, 1921, eight days after the return date of the summons, and on the second Monday of May, 1921, judgment by default final was entered by the clerk of the Superior Court against the defendant for the amount demanded by the plaintiff.

5. The defendant, on 18 May, 1921, for good cause, requested an extension of time in which to answer the complaint. The defendant was informed by the clerk of the Superior Court of Harnett County that the time to answer would be extended as requested, and for the cause assigned, but for the fact that judgment had already been entered in the cause.

The court finds further that the defendant could have, and would have, answered prior to 22 May, 1921, had judgment not already been entered and had the clerk of the Superior Court of Harnett County refused the application of the defendant for an extension of time in which to answer.

6. The court finds that the defendant has a meritorious defense; that the defense set up in the further defense of the answer sought by the defendant to be filed in this cause, and used in his motion as an affidavit, is a good and meritorious defense to the plaintiff's alleged cause of action.

The court is of opinion that chapter 156, Laws 1919, was repealed by ch. 96, Public Laws, Special Session 1920, and is further of the opinion that the judgment entered by the clerk of the Superior Court in this case was premature, and for that cause irregular, and that the defendant is entitled to have his motion that the judgment be set aside and that he be granted leave to answer sustained.

It is now by the court, on motion of the defendant, ordered and decreed that the judgment heretofore entered in this cause by the clerk of the Superior Court of Harnett County be, and the same is hereby, set aside and declared of no effect. The defendant is permitted to file answer within ten days from this date.

From this judgment plaintiff appealed, assigning error the ruling of his Honor that ch. 156, Laws 1919, was repealed by ch. 96, Public Laws, Special Session 1920, and that the judgment of the clerk being therefore premature and irregular, defendant is entitled to have same set aside.

*Ross & Salmon, James Best for plaintiff.*
*W. A. Lucas, Pou, Bailey & Pou for defendant.*

HOKE, J. Chapter 156, Laws 1919, entitled An Act to Provide a More Speedy Determination of Uncontested Rights and Actions upon

Bills, Notes, Bonds, and other Forms of Indebtedness, and duly ratified 7 March, 1919, makes provision in effect that in all such actions, summons may be returnable before the clerk on the first Monday in the month, and judgments by default rendered on the second Monday, provided such summons is issued more than ten days before any first Monday, a duly verified complaint is filed at time of issue setting forth a cause of action of the kind specified, a copy of same being "served on defendant at time of service," and the defendant shall neglect or fail to file a verified answer, raising material issues before said second Monday.

In chapter 304 of the same session, ratified 11 March, 1919, the Legislature made provision as to the procedure in civil actions generally, the first three sections of which are as follows:

"SECTION 1. The summons in all civil actions in the Superior Court shall be made returnable before the clerk at a date named therein, not less than ten days nor more than twenty days from the issuance of said writ, and shall be served as now provided by law.

"SEC. 2. The complaint shall be filed on or before the return day of the summons: *Provided,* for good cause shown the clerk may extend the time to a day certain.

"SEC. 3. The answer or demurrer shall be filed within twenty days after the return day, or, if the time is extended for filing the complaint, then the defendant shall have twenty days after the date fixed for such extension: *Provided,* for good cause shown the clerk may extend the time for filing the answer or demurrer."

The statute containing extended and further provisions affecting procedure not specially relevant to the questions presented.

At the Special Session 1920, ch. 96, the same Legislature enacted a statute which, in section 1 purports in express terms to amend "Chapter 304 of the Laws of 1919," and which makes extended provision affecting procedure in civil causes, providing among other things that the "Summons in all civil actions in the Superior Court shall be made returnable before the clerk at a date named therein, not less than ten nor more than twenty days from the issuance of the writ; that the complaint shall be filed on or before the return day of the summons (unless the time is extended) and that the answer or demurrer shall be filed within twenty days after return day (unless time is extended)," etc.

After making, as stated, additional regulations affecting procedure in the civil causes to which it may refer, this statute closes with the following repealing clause: "That all of that part of ch. 304, Public Laws of North Carolina Session 1919, not included and rewritten in this act, and all other laws and clauses of laws in conflict with this act are hereby repealed."

Upon this, a sufficient statement to a proper apprehension of the questions presented, we are of opinion that this chapter 96 of the Special Session 1920, did not have the effect of repealing chapter 156 of the regular session of 1919, which in terms applied only to actions to enforce moneyed demands of specified kind, but the same is still in force as a permissive and selective method of procedure in the class of actions to which it refers. Speaking generally, it is recognized that in the construction of statutory law there is a presumption against inconsistency, and when there are two or more statutes on the same subject in the same or successive legislatures, in the absence of an express repealing clause, they are to be harmonized and each and every part allowed significance if this can be done by fair and reasonable interpretation. In further elucidation of the position it is said in Black on Interpretation of Laws, 328-329:

"Where a statute contains both a general enactment and also specific or particular provisions the effort must be, in the first instance, to harmonize all the provisions of the statute by construing all the parts together; and it is only when, on such a construction, the repugnancy of the specific provisions to the general language is plainly manifested, that the intent of the Legislature as declared in the general enacting part is made to give away."

.        .        .        .        .        .        .

"A substantially similar rule prevails in cases where the two conflicting provisions are found in different statutes relating to the same subject. It is an established rule in the construction of statutes that a subsequent act, treating a subject in general terms, and not expressly contradicting the provisions of a prior special statute, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all. Hence, where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter, and thus conflict with the special act or provision, the special act must be taken as intended to constitute an exception to the general act, as the Legislature is not presumed to have intended a conflict."

The principle so stated has been approved and applied in authoritative cases on the subject in this and other courts. *A. C. L. R. R. v. Brunswick,* 178 N. C., 254; *Rankin v. Gaston,* 173 N. C., 683; *Hannon v. Power Co.,* 173 N. C., 520; *Bramham v. Durham,* 171 N. C., 196; *Cecil v. High Point,* 165 N. C., 431; *Rodgers v. U. S.,* 185 U. S., 83; *Dahnke v. People,* 168 Ill., 102; *Stockett v. Bird,* 18 Md., 102.

As more directly apposite to the facts presented, in *Branham v. Durham,* it was held that "where there are two acts of the Legislature applicable to the same subject passed at different times at the same session, their provisions are to be reconciled in their interpretation if this can be done by fair and reasonable intendment; but to the extent they are necessarily repugnant the latter shall prevail."

And in the *Cecil case, supra:* "Statutes on the same subject matter should be construed together so as to harmonize different portions apparently in conflict and to give to each and every part some significance if this can be done by fair and reasonable interpretation."

Recurring to the facts it appears at the regular session the Legislature of 1919 enacted chapter 156, providing that an action could be instituted in a certain class of moneyed demands returnable in ten days to the first Monday in any month, and judgment could be entered on the second Monday thereafter on proper proof made and in case no verified answer raising material issues should be filed—ratified 7 March. Four days later, on 11 March, another statute, chapter 304, by the same Legislature was duly ratified, making provision as to return of summons within twenty days and answer within twenty days, etc., making extended provisions affecting procedure. This latter statute purporting to apply to "all civil actions in the Superior Court," and containing a repealing clause in general terms as follows: "That all laws and parts of laws in conflict with this act are hereby repealed." Under the decisions cited and others of like kind, and the principles they approve, we must hold that chapter 304, purporting to deal with civil actions generally, is not necessarily repugnant to chapter 156, which affords an additional and more speedy relief in the class of actions therein specified, to wit, the moneyed demands wherein no defense should be offered within the required time. The two acts are not therefore necessarily repugnant, but on the contrary it is clear, we think, that the one is an exception to the other, or rather the first affords an additional and more speedy method of relief in the stated class of suits. This in our view being the correct construction of the two acts of the regular session, the same Legislature at the Special Session enacted this chapter 96 making provision for the institution and mode of the procedure in civil actions generally. It begins by stating expressly that it purports to deal with this chapter 304 of the regular session. The general act provides for the issue of summons in twenty days, etc., in all civil actions, etc., and closes with the repealing clause as stated: "That all that part of chapter 304 not included and rewritten in this act, and all other laws and clauses of laws in conflict with this act are hereby repealed." If the special chapter 156 of the regular session was not in conflict with

chapter 304 of the same session, no more is it in conflict with this chapter 96, which on the question presented here is in exact accord with the corresponding section of chapter 304, with the exception that the later act contains provision for "service by publication." A position that is emphasized by the fact as shown that in express terms it purports to deal only with chapter 304.

We are confirmed also in this view by the fact that the capable codifiers of Consolidated Statutes, and their learned assistants, have incorporated the two statutes of the regular session, 156 and 304, in their valuable work, where they appear in separate sections, 476 and 593, not as inconsistent, but as affording two recognized methods of procedure in civil causes and in the cases specified. The legislators at the time they passed the statute of the Special Session were no doubt fully aware that both these laws of the regular session were generally recognized as existent and had been so brought forward in the work referred to, and in restricting the effect of the act of the Special Session in terms to chapter 304, they thereby manifested a clear intent that the special act on moneyed demands in the cases and to the extent specified therein should be undisturbed.

For the reasons stated, we are constrained to differ with the learned judge in his ruling, and must hold that the judgment is in all respects regular and the order by which same was set aside is disapproved.

Reversed.