J. MATH ARMSTRONG ET AL. V. THE BOARD OF COMMISSIONERS OF GASTON COUNTY.

(Filed 9 May, 1923.)

**1. Constitutional Law—Health—Local Laws.**

An act authorizing a certain county to erect a tuberculosis hospital and issue bonds therefor, and provide a tax of eight cents on the $100 valuation of its property for its maintenance, upon the approval of the voters, is both a special and local act and void under our Constitution, Art. II, sec. 2, prohibiting laws of this character appertaining to "health," "sanitation," etc.

**2. Same—Hospitals—Tuberculosis—Elections—Ballots—Statutes.**

Where the county commissioners have proceeded under a special local act to submit to its electorate the question of erecting and maintaining a tuberculosis hospital, to issue $150,000 in bonds therefor, and levy an additional tax of eight cents on the $100 valuation of its property for maintenance, their action thus taken cannot be sustained under the provisions of the general law, C. S., ch. 119, secs. 7279 *et seq.,* authorizing an expenditure for the purpose of not exceeding $100,000, and a maintenance tax not to exceed five cents, the balloting also under the general law differing from that in the special act in requiring separate ballots to be taken in two boxes instead of one. *Proctor v. Comrs.,* 182 N. C., 56 cited and distinguished.

**3. Same—Bonds—Taxation.**

A special or local act authorizing a county to maintain a tuberculosis hospital being contrary to the provisions of our Constitution, Art. II, sec. 2, its further provisions as to issuing the bonds for its erection and the levy of a special tax for its maintenance, are likewise void.

**4. Statutes—Interpretation—Conflict—Exceptions.**

Statutes upon the same subject-matter should be construed together, so as to harmonize different portions apparently in conflict, and to give to each and every part some significance if this can be done by a fair and reasonable interpretation; and where there is a general intent expressed in the statute and a particular intent incompatible therewith, the particular intent is to be considered in the nature of an exception.

**5. Same—Health—Hospitals—Tuberculosis.**

C. S., 7075, appearing in ch. 118, authorizing county commissioners to levy a special tax to be expended under the committee composed of the chairman of the board of county commissioners, the county health officer or county physician "for the preservation of public health," should be construed in connection with the sections of the following ch. 119, as to the maintenance of permanent public hospitals, and requires that the question of establishing such hospitals, as in this case for a county tuberculosis hospital, shall have the approval of the voters of the county in accordance to the methods and in the manner specified by the statute.

**6. Constitutional Law—Statutes—Local Laws—Hospitals—Tuberculosis —County Expenses—Necessaries—Bonds—Taxation.**

While Article II, section 2, of our Constitution has been held not to withdraw from the Legislature power by special legislation to authorize counties, etc., to provide proper revenue for advancing proper governmental purposes, though local in character, the decisions refer to legislation providing proper revenue for recognized and established objects, such as roads, bridges, and the like, and not to those prohibited by our organic law, as where the county under a special local act seeks to establish and maintain a tuberculosis hospital, which is not a necessary county expense; and the legislation being unconstitutional as to its dominent purpose, that part providing for the issuance of bonds and a levy of tax for this purpose is also invalid.

APPEAL by defendants from *Long, J.,* at April Term, 1923, of GASTON.

Civil action to set aside and annul an election held in said county of Gaston by order of defendants under Public-Local Laws of Extra Session 1920, ch. 112, on the question of the erection of a tuberculosis hospital in and for the county of Gaston, and to restrain any and all further proceedings under and pursuant to said election, especially the issuance as contemplated and proposed of county bonds in the sum of $150,000, and a tax of eight cents on the $100 valuation of property for maintenance of same.

For the purpose of this hearing, the demurrer admits, among other pertinent facts alleged in the complaint:

1. That in holding said election the defendants proceeded entirely under said Public-Local Laws of Extra Session 1920, ch. 112.

2. That at said election the measure was approved by a majority of the qualified voters, as indicated by the new registration required by the statute.

3. That as a result the defendants are about to issue and sell $150,000 of county bonds and levy a tax to pay the interest thereon and principal at maturity.

4. To levy a tax not to exceed eight cents on the $100 value for maintenance of said hospital.

5. That outside of the revenue to be raised by the tax complained of, all the revenue the defendant board can raise by taxation under the

constitutional limits is required to pay the necessary expenses of the county.

6. That in conducting said election there was one box and only two ballots reading as follows:

(1) For bonds for tuberculosis hospital, and for levy of tax for support of same.

(2) Against bonds for tuberculosis hospital, and for levy of tax for support of same.

There was judgment overruling the demurrer, and defendants excepted and appealed.

*F. M. Redd and John M. Robinson for plaintiffs.*
*Mangum & Denny for defendants.*

HOKE, J. Our Constitution, Art. II, sec. 29, prohibits the enactment of any local, private, or special statute concerning various specified subjects, including, among others, laws appertaining to "health, sanitation, or the abatement of nuisances," and declares that any local, private, or special act or resolution in violation of this provision shall be void. The statute under which the election was held in this case, Public-Local Laws of Extra Session of 1920, ch. 112, is, in our opinion, both local and special, coming directly within the constitutional inhibition, and in construing an act and proceedings subject to like limitations, we have held that the statute itself is void and the election and proposed bond issue under and dependent upon it should be annulled. *Robinson v. Comrs.,* 182 N. C., 590; *Woosley v. Comrs.,* 182 N. C., 429-433. It is contended for appellants that, although the special act should be declared void, authority is conferred upon defendants under the general laws to erect a hospital of this character, citing C. S., ch. 119, sec. 7279, etc. The statute referred to confers such authority, but as in the special statute, the same is dependent on approval of the popular vote to be taken under several subsequent sections, and a perusal of the general legislation will show that there are significant distinctions between the two statutes, both essential and formal. The special act allowing an expenditure of $150,000, as stated, and a maintenance tax not to exceed eight cents on the $100, and provided that the sense of the voters as to each proposition shall be taken on the same ballot and in a single box, whereas the general law provides for an expenditure not to exceed $100,000, with a maintenance tax not to exceed five cents, and that the proposition for construction and maintenance be taken on separate ballots and two boxes. It does not at all follow that because a voter has approved the larger expenditure he should be held to have approved the smaller, for he might well be of opinion that the latter amount is inade-

quate, and the defendants having elected to proceed entirely under the special act and the sense of the voters having been taken in accord with that act, the authority claimed must be restricted and referred to it, and when the same is found to be unconstitutional, all proceedings under it, as stated, must be declared invalid. *Proctor v. Comrs.*, 182 N. C., 56. And this ruling in no way conflicts with the decision in *Board of Education v. Comrs.*, 183 N. C., 300, for in that case, though a smaller amount under the general law was upheld, it appeared that the election had been called both under the general and special act, and was in all respects regular under the provisions of either law. It is further contended that power to proceed in this matter should be held to exist under and by virtue of a provision in the general statute, C. S., 7075, to the effect "That the board of county commissioners of each county is hereby authorized at any time to levy a special tax, to be expended under the direction of a committee composed of the chairman of the board of county commissioners and the county health officer or county physician for the preservation of public health." The section referred to here appears in C. S., ch. 118, art. 3, which provides generally for the organization of the county board of health, etc. In the next, chapter 119, as to the establishment and maintenance of permanent public hospitals, a kindred subject, the law, as has been seen, provides for a county tuberculosis hospital when the matter shall have been approved by a popular vote as therein prescribed. It is the recognized principle again and again applied in our decisions that "statutes upon the same subject-matter shall be construed together so as to harmonize different portions apparently in conflict, and to give to each and every part some significance, if this can be done by a fair and reasonable interpretation." *Perry v. Comrs.*, 183 N. C., 387-390; *Hicks v. Comrs.*, 183 N. C., 394; *Young v. Davis*, 182 N. C., 200; *Bramham v. Durham*, 171 N. C., 196; *Rankin v. Gaston*, 173 N. C., 683; *Cecil v. High Point*, 165 N. C., 431.

And again it is held that where there is a general intent expressed in the statute, and a particular intent incompatible with the former, the particular intent is to be considered in the nature of an exception. *Comrs. v. Aldermen*, 158 N. C., 191. A proper application of these principles will uphold and require the construction that while the board of county commissioners, under section 7075, are authorized generally to levy a special tax when required and necessary for the protection or conservation of the public health, before entering upon an expenditure for the erection and maintenance of a county tuberculosis hospital they must have the approval of a popular vote taken as the subsequent chapter provides. In connection with this position, we were cited by defendants to various decisions of this Court upholding the levy of municipal taxes,

.and under statutes for the maintenance of undertakings more or less local in their nature, among others, *Martin County v. Trust Co.,* 178 N. C., 26; *Comrs. v. Trust Co.,* 178 N. C., 170; *Parvin v. Comrs.,* 177 N. C., 508; *Mills v. Comrs.,* 175 N. C., 215; *Brown v. Comrs.,* 173 N. C., 598.   In these cases it was held, as contended, that the constitutional provisions did not and were not intended to prevent municipal authorities in the proper exercise of their governmental duties, from making pro-vision by taxation for the support of measures they were fully authorized to undertake and carry on.   So far as now recalled, they were all cases providing for necessary governmental expenses, such as roads, bridges, and the like, but here the purpose itself is in direct contravention of the amendment.   The county commissioners have received no authority to enter upon the undertaking at all, and the proposed bond issue and tax levy being only an incident to an unauthorized and unlawful purpose, ·cannot be maintained.   The distinction adverted to is stated in *Trustees v. Trust Co., supra,* as follows: "Again it is insisted that as the present .act contains provisions for a bond issue, it should be upheld under the principle of *Brown v. Comrs.,* 173 N. C., 598; *Mills v. Comrs.,* 175 N. C., 215; that class of cases which hold that none of our recent amend-ments withdraws from the Legislature power by special legislation to .authorize counties, cities, etc., to provide proper revenue for advancing proper governmental purposes though local in character.   But those ·decisions refer to legislation providing proper revenue for recognized and ·established objects, such as roads, bridges, and the like, and the principle may by no means be extended to legislation providing revenue for a purpose prohibited by our organic law.   Here the bond issue is to pro-vide for the erection of buildings and maintenance of the graded school, that is its only purpose, and the establishment of the school being pre-vented because in violation of the constitutional inhibition, the bond issue necessarily fails with the principal and only purpose for which it was authorized."   In answer to this position, appellants insist further that a hospital of this character should be considered a necessary expense, .and so comes directly within the purview and effect of the cases cited, ,but we cannot so hold.   Speaking to this question in *Keith v. Lockhart,* 171 N. C., 451: "The term may be said to involve and include the .support of the aged and infirm, the laying out and repair of public high-ways, the construction of bridges, the maintenance of public peace, and the administration of public justice; expenses to enable the county to ·carry on the work for which it was organized and give a portion of the State's sovereignty."   And the cases cited, *Keith v. Lockhart,* 171 N. C., 451; *Stephens v. Charlotte,* 172 N. C., 564-567; *Williams v. Comrs.,* 176 N. C., 554; *Sprague v. Comrs.,* 165 N. C., 603; *Hollowell v. Borden,* 148 N. C., 255, are in principle against defendants' position as to this being

a necessary municipal expense. A ruling that is further strengthened by the fact that the Legislature has thought it necessary to take the sense of the voters on the question before such a measure may be undertaken.

There is no error, and the judgment overruling the demurrer is

Affirmed.