R. GORDON FINNEY, RECEIVER, v. C. A. CORBETT ET AL.

(Filed 9 March, 1927.)

**Actions—Controversies Submitted Without Action—Statutes—Interpretation.**

The requirements of our statute, C. S., 626, must be strictly observed to submit a controversy without action to the court for decision, and where it does not sufficiently appear, among other things, that the controversy was real or in good faith, it will be dismissed.

This proceeding was submitted upon what purports to be a controversy without action to *C. C. Lyon, Judge Presiding,* at the November Special Term, 1925, of the Superior Court of JOHNSTON County, and judgment signed on 16 November, 1925.

The plaintiff, Finney, was receiver of the First National Bank of Selma, N. C., and in the purported controversy without action entered into an agreement of compromise with the defendants, who were indebted to the bank at the time of its failure in a large amount.

On 13 November, 1926, certain stockholders and creditors of the bank filed a petition in the cause to set aside said compromise judgment upon the ground that the compromise judgment, while it purported to be a controversy without action, was in fact a compromise between the receiver and the defendants, Worley and Corbett. The motion to set aside said judgment came on for hearing before Cranmer, judge, at the December Term, 1926, who rendered the following judgment:

"This cause coming on to be heard at this term of court upon the motion of certain depositors and stockholders in the First National Bank of Selma, for leave to be made parties to this action, and to set aside the purported judgment herein as signed in November, 1925, the court orders that said parties, to wit, N. B. Snipes, J. T. Wilkins, G. L. Scott, T. R. Fulghum, M. G. Waddell, B. E. Langston, J. Ransom Creech and R. J. Nobles be made parties hereto as of 13 November, 1926, the date of filing their petition and motion; and the court finding that said purported judgment was entered contrary to the course and

practice of the court, in that the alleged controversy without action was not a real controversy, but an attempted compromise, and same was injurious to creditors and stockholders of the bank; and, further, that the affidavits supporting said alleged controversy without action do not set out that the same was a real controversy and in good faith, as provided by C. S., 626, the said judgment as signed 16 November, 1925, and filed herein, is hereby adjudged to be void, and is hereby set aside and ordered to be stricken out."

The controversy without action relied upon was not supported by affidavit as required by C. S., 626.

To the foregoing judgment the defendants appealed.

*Wellons & Wellons for plaintiffs.*
*J. W. Bailey and A. M. Noble for interveners.*

BROGDEN, J.   The interveners contend that the judgment of Lyon, J., rendered in a controversy without action on 16 November, 1925, should be set aside for the reason that the record does not disclose a "controversy without action" as contemplated by law.

What constitutes a controversy without action as contemplated by C. S., 626?

The essentials of such a proceeding are:

1. The existence of a "question in difference."
2. The existence of an adverse claim.
3. The proceeding must be brought in good faith.

These essentials to jurisdiction must appear by affidavit.

The statute, C. S., 626, provides: "But it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties."   Such an affidavit as the statute requires is a prerequisite to the exercise of jurisdiction.   Furthermore, to confer jurisdiction in such cases the requirements of the statute must be strictly observed.   *Grant v. Newsom,* 81 N. C., 36; *Jones v. Comrs.,* 88 N. C., 56; *Arnold v. Porter,* 119 N. C., 123; *Grandy v. Gulley,* 120 N. C., 176; *Waters v. Boyd,* 179 N. C., 180; *Burton v. Realty Co.,* 188 N. C., 473.

In *Waters v. Boyd, supra,* the affidavit declared that: "The controversy between them is genuine and is submitted to the court to determine the rights of the parties."   The Court held that such an affidavit was not in compliance with the statute and dismissed the action.   In *Burton v. Realty Co., supra,* the action was dismissed with the following declaration: "While, upon the facts presented, the title would seem to be valid, we must dismiss the proceeding for want of a real controversy."

---

HART *v.* R. R.

---

In the case now under consideration there is no affidavit at all. Even if the purported controversy without action itself should be treated as an affidavit, there is no allegation that the controversy is real or that the proceeding is brought in good faith. The record shows that the controversy without action submitted to Judge Lyon was verified in the following language: "R. Gordon Finney, Receiver of the First National Bank of Selma, N. C., being duly sworn, deposes and says the foregoing agreed statement of facts and submission of controversy without action is true of his own knowledge, except as to matters therein stated upon information and belief, and as to those matters he believes it to be true."

The proceeding, therefore, did not comply with the statute, and the judgment of Cranmer, J., is

Affirmed.