DR. W. A. SAMS, INDIVIDUALLY, AND DR. W. A. SAMS, A CITIZEN AND TAX-
PAYER OF MADISON COUNTY, N. C., FOR AND ON BEHALF OF HIMSELF AND
ALL OTHER TAXPAYERS OF MADISON COUNTY, N. C., WHO DESIRE TO
BECOME PARTIES TO THIS ACTION, v. THE BOARD OF COUNTY COM-
MISSIONERS OF MADISON COUNTY, N. C., A BODY POLITIC AND COR-
PORATE, WM. V. FARMER, CHAIRMAN; SHAD FRANKLIN AND LEVI
BUCKNER, MEMBERS, CONSTITUTING THE BOARD OF COUNTY COMMIS-
SIONERS OF MADISON COUNTY, AND WM. V. FARMER, SHAD
FRANKLIN, AND LEVI BUCKNER, INDIVIDUALLY.

(Filed 20 March, 1940.)

**1. Statutes § 2—**

Chapter 322, Public-Local Laws of 1931, which undertakes to create and
name the members of a county board of health for Madison County alone,
which board is charged with the duty to inspect county institutions and
see that they are kept in a sanitary condition, and to select a physician
to vaccinate against disease, is a local act relating to health and sanita-
tion prohibited by Art. II, sec. 29, of the State Constitution.

**2. Public Offices § 5b—**

The acts of the Madison County Board of Health created by ch. 322,
Public-Local Laws of 1931, cannot be upheld on the ground that, notwith-
standing the act is void, its members were *de facto* officers, since a *de jure*
Board of Health for the county had been properly constituted under
C. S., 7064.

**3. Counties § 8b—Madison County Board of Health, created by ch. 322,
Public-Local Laws of 1931, held without power to appoint county
physician.**

Plaintiff, who was appointed county physician by the county board of
health of Madison County, created by ch. 322, Public-Local Laws of 1931,
instituted this action to recover his salary as such officer. *Held:* The
act creating said board is void as being in contravention of Art. II, sec. 29,
of the State Constitution and as being contrary to the general laws re-
lating to county boards of health, C. S., 7064, 7067, nor can the acts of
the members of the board be upheld on the ground that they were *de facto*
officers, since a *de jure* county board of health was then in existence, and
plaintiff's cause of action based upon the act of 1931 cannot be maintained.

APPEAL by defendant from *Rousseau, J.,* at September Term, 1939, of
MADISON. Reversed.

*Smathers & Meekins for plaintiff, appellee.*
*Roberts & Baley for defendant, appellant.*

DEVIN, J. The plaintiff instituted his action against the board of
county commissioners of Madison County to enforce the payment to him
of the salary of county physician and quarantine officer, to which office

he alleged he had been elected by the county board of health of Madison County as that board was constituted under the provisions of ch. 322, Public-Local Laws 1931.

The defendant board denied liability chiefly on the ground that the local act of the General Assembly creating a county board of health for Madison County, under which plaintiff claims, violated the provisions of Art. II, sec. 29, of the Constitution of North Carolina, and was therefore void.

Since the plaintiff's action is based on this act of the Legislature his right to maintain his suit depends upon the validity of the act. *Reed v. Madison County,* 213 N. C., 145, 195 S. E., 620; *Borden v. Goldsboro,* 173 N. C., 661, 92 S. E., 694. The determination of the question presented by this appeal was foreshadowed by what was said in *Freeman v. Comrs. of Madison County, ante,* 209.

Art. II, sec. 29, of the Constitution, prohibits the General Assembly from passing "any local, private or special act . . . relating to health, sanitation and the abatement of nuisances." It is expressly ordained that any local or special act passed in violation of this section shall be void, power being given the General Assembly to pass general laws regulating the matters therein set out.

The act, ch. 322, Public-Local Laws 1931, under which plaintiff claims, undertakes to create for Madison County, alone, a county board of health and to name its members. The principal duty of this board is to elect a county physician and quarantine officer, for whom is prescribed the duty of inspecting the county institutions and seeing "that each is kept in a sanitary condition." This board is also authorized by the act to select a physician to vaccinate against disease.

It is apparent that the act is local and that it relates to health and sanitation, and thus comes within the prohibition of the quoted section of the Constitution. This is in accord with the decision of this Court in *Armstrong v. Comrs. of Gaston County,* 185 N. C., 405, 117 S. E., 388, where a local act authorizing the erection of a hospital for the treatment of tuberculosis was held void under Art. II, sec. 29, as being a local act pertaining to health and sanitation. *S. v. Warren,* 211 N. C., 75, 189 S. E., 108; *R. R. v. Lenoir County,* 200 N. C., 494 (497), 157 S. E., 610; *S. v. Kelly,* 186 N. C., 365 (375), 119 S. E., 750; *In re Harris,* 183 N. C., 633, 112 S. E., 425. To the same effect is the ruling in *Sanitary District v. Prudden,* 195 N. C., 722, 143 S. E., 530, where a special act creating a sanitary district for the construction and maintenance of a water and sewer system in Henderson County was held to violate this constitutional provision. Furthermore, the act is in conflict with the State-wide policy as contemplated by the Constitution and established by general laws regulating the composition of county boards

of health throughout the State and the election of county physicians. C. S., 7064, 7067; *S. v. Dixon,* 215 N. C., 161 (166), 1 S. E. (2d), 521.

The local act attempting to create a county board of health for Madison County must be held void by reason of its conflict with the constitutional restrictions upon the power of the General Assembly imposed by Art. II, sec. 29, and the persons named as members of the county board of health by this act were thus without power to perform any duty prescribed thereby. *Freeman v. Comrs. of Madison County, supra.* Nor could validity be given to their acts as *de facto* officers, for the reason that it is found as a fact that the *de jure* board of health of Madison County, constituted in accordance with the provisions of the general statute (C. S., 7064), and acting as such, had in April, 1937, elected another person as county physician and quarantine officer for the county, who performed services and was recognized by the board of county commissioners as such. *Baker v. Hobgood,* 126 N. C., 149, 35 S. E., 253.

We conclude that the plaintiff's action founded upon the Public-Local Act of 1931 cannot be maintained, and that the judgment of the court below in his favor must be

Reversed.