BOARD OF HEALTH OF NASH COUNTY ET ALS. v. BOARD OF COMMIS-
SIONERS OF NASH COUNTY ET AL.

(Filed 8 October, 1941.)

**1. Declaratory Judgment Act § 2a—**

The Superior Court has jurisdiction of a controversy without action between the board of health of a county and the county commissioners, C. S., 626, in which the facts agreed present the question of the legal duties of the respective boards in regard to the appointment of a county health officer, which duties, according to how the controversy is determined, might be the subject of *mandamus,* notwithstanding that the provisions of the Declaratory Judgment Act, ch. 102, Public Laws 1931, are not specifically referred to.

**2. Courts § 1a—**

In invoking the jurisdiction of a court, the parties are entitled to the aid of any statute, without specifically naming it, under which such juris-

diction may be exercised, provided substantial compliance has been made with its terms in presenting the controversy.

**3. Statutes § 5c—**

Chapters 6 and 193, Public Laws 1941, which by their terms apply only to one county, are local statutes.

**4. Health § 1—**

A law affecting the selection of an officer to whom is given the duty of administering the health laws is a law "relating to health."

**5. Statutes § 2—**

Art. II, sec. 29, of the Constitution of North Carolina is remedial in its nature and was intended not only to free the Legislature of petty detail but also to require uniform and coördinated action under general laws in regard to the matters therein stipulated which are related to the welfare of the people of the whole State, and the application of the section should not be denied on any unsubstantial distinction which would defeat its purpose.

**6. Same—Acts applicable to only one county which provide that county commissioners should approve election of health officer, held void.**

Chapters 6 and 193, Public Laws 1941, providing that the Board of County Commissioners of Nash County should approve the health officer elected by the County Board of Health, and that if he is disapproved the County Board of Health should select another, and that if such other is not approved, the Secretary of the State Board of Health should make the appointment, are local laws relating to health and are void as being in contravention of Art. II, sec. 29, of the State Constitution, and the election of the county health officer by the County Board of Health under the provisions of the general law, C. S., 7067, is valid and effective without reference to any act by the County Commissioners.

BARNHILL, J., took no part in the consideration or decision of this case.

STACY, C. J., and WINBORNE, J., for dismissal.

APPEAL by defendant from *Harris, J.* From NASH. Affirmed.

*J. P. Bunn and F. S. Spruill for defendant.*
*Leon T. Vaughan and W. H. Yarborough for plaintiff.*

SEAWELL, J. This controversy is over the appointment of a health officer for Nash County.

The general law on this subject is found in C. S., 7067, Michie's Code of 1939, and is as follows: "The board of health shall . . . elect either a county physician or a county health officer, whose tenure of service shall be terminable at the pleasure of the county board of health, and who shall serve thereafter until the second Monday in January of the odd years of the calendar. If the county board of health of any county shall fail to elect a county physician or county health officer within two calendar months of the time set in this section, the secretary

of the state board of health shall appoint a registered physician, of good standing in the said county, to the office of county physician, who shall serve the remainder of the two years, and shall fix his compensation, to be paid by the said county, in proportion to the compensation paid by other counties for like service, having in view the amount of taxes collected by said county."

Two statutes were enacted by the 1941 General Assembly specially applicable to the county of Nash. Chapter 6, Public Laws of 1941, and chapter 193, Public Laws of 1941, amendatory of the prior statute. These statutes provide substantially that the appointment of a health officer of Nash County "shall not become effective until approved by the Board of Commissioners of the County of Nash," and in chapter 193 there is the further provision that if the health officer appointed by the board of health shall be disapproved by the Board of County Commissioners "the person so appointed shall become ineligible for such appointment, and the County Board of Health shall, within 30 days thereafter, appoint some other person for such position; and should the Board of County Commissioners fail to approve this other person so appointed, the secretary of the State Board of Health shall appoint," etc.

The Board of Health, at the regular stated time for such action, appointed Dr. T. O. Coppedge as Health Officer for a term beginning on the second Monday in January, 1941, and ending on the second Monday in January, 1943. The defendants have disapproved such election. The Board of Health has taken no further action in the matter, contending that chapters 6 and 193 of the Public Laws of 1941, above quoted, are unconstitutional and void because in violation of Article II, section 29, of the Constitution of North Carolina.

The pertinent part of Article II, section 29, of the Constitution reads as follows: "The General Assembly shall not pass any local, private, or special act or resolution  .  .  .  relating to health, sanitation, and the abatement of nuisances."

In the present proceeding, the parties present this question to the court in a controversy without action under C. S., 626, and under such provisions of the Declaratory Judgment Act, chapter 102, Public Laws of 1931, and amendments, as may be applicable. Neither party has raised any question of the jurisdiction of the court, and we are of opinion that such jurisdiction obtains. C. S., 626; chapter 102, Public Laws of 1931; Michie's Code, secs. 628 (a), *et seq.,* (1), (m); *Light Co. v. Iseley,* 203 N. C., 811, 820, 167 S. E., 56, 60, 61. In invoking the jurisdiction of the court, the parties are entitled to the aid of any statute, without specifically naming it, under which such jurisdiction may be exercised, provided substantial compliance had been made with its terms in presenting the controversy.

The controversy here is between two important public boards, the County Board of Health and the Board of County Commissioners, over a matter importantly affecting the administration of the health laws, and directly affecting the functions, powers and duties of the said boards, which because of the alleged uncertainty of the statutes under which they derive their powers, and accordingly as these duties are determined, might be subject to *mandamus* to compel the performance of omitted public duties. It is easily seen that the matters involved are important not only to the local authorities and community, but to the people of the whole state.

There is no room to doubt that chapters 6 and 193, Public Laws of 1941, are local. By the terms of the statute they apply only to Nash County, one out of the one hundred counties of the State. Chapter 6, section 3, Public Laws of 1941; *S. v. Dixon,* 215 N. C., 161, 1 S. E. (2d), 521; *S. v. Chambers,* 93 N. C., 600.

This Court is also committed to the proposition that a law affecting the selection of officers to whom is given the duty of administering the health laws is a law "relating to health." *Sams v. Comrs. of Madison,* 217 N. C., 284, 7 S. E. (2d), 540.

We have become increasingly conscious of the fact that many of the problems which heretofore we have considered purely local are so related to the welfare of the whole state as to demand uniform and coördinated action under general laws. We believe the section of the Constitution which the plaintiffs have invoked was not intended merely as a device to free the Legislature from the enormous amount of petty detail that had theretofore occupied every session, but we think it was also framed upon the principle that we have just stated, and therefore it should not be so construed as to minimize the provision it has made looking to this result. It is remedial in its nature, and its application should not be denied on an unsubstantial distinction which would defeat its purpose. It especially mentions general "laws relating to health" as being within its protective purview, recognizing that the alleviation of suffering and disease, the eradication or reduction of communicable disease in its humanitarian, social, and economic aspect, is a State-wide problem which ought not to be interfered with by local dilatory laws which are so frequently the outcome of local indifferency, or factional and political disagreements.

The position that a law affecting the selection of a public health officer intimately charged with the administration of such laws, where contact with the subject is more immediate is not a "law relating to health," is not tenable.

This is no doubt the rationale of the case in our reports more nearly bearing upon the question—*Sams v. Comrs. of Madison, supra,* in which the Court reviewed and declared unconstitutional, as offending the above cited section of the Constitution, a local law at variance with the general law providing a method of selecting the County Board of Health. It applies here with equal aptness and force.

In our opinion, chapter 6, Public Laws of 1941, and chapter 193, Public Laws of 1941, are unconstitutional and void. It follows that the election of a county health officer by the Board of Health was valid and effective without reference to any act by the County Commissioners. The judgment of the court below is

Affirmed.

BARNHILL, J., took no part in the consideration or decision of this case.

STACY, C. J., for dismissal: The proceeding should be dismissed. C. S., 626. *Hicks v. Greene County,* 200 N. C., 73, 156 S. E., 164; *Finney v. Corbett,* 193 N. C., 315, 136 S. E., 878. The jurisdictional requirements set out in the cases just cited are absent from the instant record. McIntosh, P. and P., 557. If the plaintiff's position be correct, the defendant has no interest in the controversy. Conversely, if the defendant be correct, there is nothing at issue. Presumably, both boards have acted under legislative authority. *Board of Education v. Kenan,* 112 N. C., 566, 17 S. E., 485. The beneficiary of such action, it seems to me, is the proper person to assert whatever claim he may have. But he is not a party. Nor is it permissible to determine the validity of his appointment here. *Davis v. Moss,* 81 N. C., 303.

Whose rights are being adjudicated?

The authorities support a dismissal. *Realty Corp. v. Koon,* 216 N. C., 295, 4 S. E. (2d), 850; *Burton v. Realty Co.,* 188 N. C., 473, 125 S. E., 3; *Kistler v. R. R.,* 164 N. C., 365, 79 S. E., 676; *Parker v. Bank,* 152 N. C., 253, 67 S. E., 492; *Millikan v. Fox,* 84 N. C., 107; *Blake v. Askew,* 76 N. C., 325; *McKethan v. Ray,* 71 N. C., 165; *Bates v. Lilly,* 65 N. C., 232. The proceeding is not under the Declaratory Judgment Act, and no effort has been made to invoke its provisions. Nor would the record suffice for the purpose. *Wright v. McGee,* 206 N. C., 52; 16 Am. Jur., 330. Jurisdiction is always essential. *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283.

Constitutional questions are properly decided by the courts only in the exercise of the judicial power vested in them by the Constitution. *S. v. Lueders,* 214 N. C., 558, 200 S. E., 22. "It is well understood that this

duty which sometimes devolves upon the courts, not by reason of any superiority in the judicial to the legislative department of the State, but of necessity, when the powers of the people in their Constitution and those reposed in their Legislature are brought in conflict, is to be exercised only as the last resort and when forced upon the court"—*MacRae, J.,* in *Board of Education v. Kenan, supra.*

My vote is for a dismissal of the proceeding.

WINBORNE, J., joins in this opinion.