C. W. LAMB v. BOARD OF EDUCATION OF RANDOLPH COUNTY; G. F. LANE, K. A. MARTIN, T. S. BOULDIN, A. B. COX AND EARL JOHNSON, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF EDUCATION OF RANDOLPH COUNTY; R. C. WHITE, INDIVIDUALLY AND SECRETARY OF THE BOARD OF EDUCATION OF RANDOLPH COUNTY; KING-HUNTER COMPANY, INC.; LOY SINK, TRADING AS EANES ELECTRIC AND SUPPLY COMPANY; GEORGE ROBB, TRADING AS ROBB PLUMB-ING & HEATING COMPANY; H. MASON BLANKENSHIP, TRADING AS MODEL SUPPLY COMPANY.

(Filed 9 April, 1952.)

**1. Schools § 7f—**

Injunction will not lie to restrain a board of education from letting a contract for the construction of a school building on the ground that the board had failed to make plans for water and sewer service for the school, G.S. 115-96, since it will be presumed that the defendants in proper time will comply with the law.

**2. Same: Statutes § 2—**

A statute applicable to the board of education of a single county, pro-hibiting the board from expending money in excess of a designated amount on any one project for the construction of a water and sewer system for a school without approval of the voters, *is held* unconstitutional as a local or special act relating to health and sanitation.

**3. Schools § 10h—**

Where the board of county commissioners allots to the county board of education a designated sum for the construction of a school building and another sum for garage and equipment thereat, whether the sum set aside for the garage and equipment should be used for that purpose or some other purpose in connection with the general purpose for which the money was set aside, rests in the sound discretion of the boards, and certainly injunction will not lie to restrain the board of education from letting a contract for the building upon allegation that the sum set aside for the garage and equipment might be applied to some other purpose in connection with the school.

**4. Injunctions § 10—**

Where a suit is solely for the purpose of obtaining a restraining order and defendants' demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action is properly sustained and the injunctive relief sought denied, *held* dismissal of the action is proper, only questions of law being presented.

APPEAL by plaintiff from *Halstead, Special Judge,* January-February 1952 Special Term of RANDOLPH. Affirmed.

This was a suit by a resident and taxpayer of Randleman Township in Randolph County to enjoin the defendant Board of Education, its individual members, and others with whom it is alleged the Board has made building contracts, from doing any act toward the construction of a school building on the High Point Road site without making arrange-

ment for a sufficient water supply therefor, and from spending more than $2,000 for a water and sewer system without a vote of the people, and also to enjoin the Board of Education from expending in the construction of the school building the fund heretofore allocated by Board of County Commissioners for a garage building and equipment.

It was alleged in the complaint that defendant Board, pursuant to approval by the Board of County Commissioners of its budget of $145,000 for new school buildings and $21,000 for garage and equipment, and according to plans approved by the State Board of Education, had accepted bids from defendant contractors for the construction of the new school buildings for Randleman Township on the High Point Road site in the sum of $190,789, and that the defendant Board had announced the total cost, including cost of land and architect's compensation, would amount to $206,378. But it was alleged this does not include any amount for water and sewer system, and no plans have been made therefor. It was further alleged that the site selected for the school building is one-fourth of a mile from the city limits of Randleman, and it would cost approximately $20,000 to connect with the city water and sewer system; that by statute Ch. 1075, Laws 1951, applicable to Randolph County only, the defendant Board is prohibited from expending more than $2,000 for water and sewer service to any one school unless approved by a vote of the people, and that defendant Board has refused to call such an election. It was also alleged on information and belief that defendant Board has applied or will apply to the Randleman school project the $21,000 allocated by the Board of Commissioners of Randolph County for a garage building.

The defendants' demurrer *ore tenus* to the complaint was sustained, prayer for restraining order was denied, and the action dismissed.

Plaintiff excepted and appealed.

*L. T. Hammond and Ottway Burton for plaintiff, appellant.*
*Miller & Moser for defendants, appellees.*

DEVIN, C. J.  In *Kistler v. Board of Education,* 233 N.C. 400, 64 S.E. 2d 403, we considered a suit against the Board of Education of Randolph County and the individual members of that Board to enjoin them from acquiring the site on High Point Road selected by the Board for building the new high school for the Randleman School District. Demurrer to the complaint was sustained, and this Court affirmed. It was held in an opinion written for the Court by *Justice Denny* that this was a matter resting in the sound discretion of the County Board of Education and could not be controlled by the Court, in the absence of a showing of some violation of the provisions of law, or manifest abuse of discretion.

The present suit, instituted by a different plaintiff, is to enjoin the construction of the school building on the site selected, for the reason that the defendant Board of Education had failed to make plans for water and sewer service for the school, and that the cost of installing same would exceed the limitation fixed by Chapter 1075, Session Laws 1951, upon expenditures for this purpose without a vote of the people.

While the statute G.S. 115-96 imposes the duty upon the County Board of Education to make provision for "a good supply of wholesome water," it appears from the complaint that at the time this suit was instituted the construction of the proposed building had progressed only to the stage where bids had been accepted. The complaint alleges in effect that at this time no plans have been made for this purpose. This is insufficient to warrant the court in restraining the defendants from doing any act toward the construction of the new school building. Presumably the defendants at the proper time will comply with the law. *Branch v. Board of Education,* 233 N.C. 623, 65 S.E. 2d 124.

The question chiefly debated here was the applicability of Chap. 1075, Session Laws 1951, which purports to prohibit the County Board of Education of Randolph County from expending "in excess of $2,000 under any one project or contract for the purpose of extending any public or private water or sewer system so that such extended system will serve any public school in Randolph County," unless approved by the voters at a special election. It was alleged that the cost of installation of water and sewer system for the service of the students at this school would exceed the limit fixed by the statute.

The court below was of opinion that this statute was invalid because in conflict with the mandatory provisions of Art. II, sec. 29, of the Constitution of North Carolina. In this ruling we concur.

This section of the Constitution limits the power of the General Assembly to enact a local or special act "relating to health, sanitation, and the abatement of nuisances." The statute in question is a local or special act. It relates only to Randolph County, and in Randolph County affects only a single agency, the County Board of Education. *S. v. Dixon,* 215 N.C. 161, 1 S.E. 2d 521; *Idol v. Street,* 233 N.C. 730, 65 S.E. 2d 313. It relates to health and sanitation, since its sole purpose is to prescribe provisions with respect to sewer and water service for local school children in Randolph County. It purports to limit the power of the County Board of Education to provide for sanitation and healthful conditions in the schools by means of a sewerage system and an adequate water supply. The decisions of this Court sustain the ruling of the trial judge. *Sanitary District v. Prudden,* 195 N.C. 722, 143 S.E. 530; *Sams v. Board of Commissioners of Madison County,* 217 N.C. 284, 7 S.E. 2d 540; *Board of Health of Nash County v. Board of Commissioners,* 220 N.C. 140, 16 S.E. 2d 677; *Idol v. Street, supra.*

The plaintiff also prays that the restraining order issue for the additional reason that according to the budget submitted by the Board of Education, and approved by the Board of County Commissioners, $21,000 was set up for a garage building and equipment, and it is alleged this fund will be applied to the construction of the school building. There was no specific allegation that any plans have been made with respect to a garage building or to this fund, as no construction had yet begun. Hence, the matter still lay in the nebulous field of conjecture. In any event, the question would rest with the Board of County Commissioners and Board of Education to determine whether this amount should be used for the particular purpose named or some other project in connection with the general purpose for which it was set aside. It is the duty of the Board of County Commissioners to provide the funds for school equipment (G.S. 115-83; *Johnson v. Marrow,* 228 N.C. 58, 44 S.E. 2d 468). Under the circumstances alleged we do not think the court would be warranted in enjoining the erection of a needed school building upon the allegation by the plaintiff, on information and belief, that this fund might be applied to other construction than the garage and equipment. *Atkins v. McAden,* 229 N.C. 752, 51 S.E. 2d 484; *Worley v. Johnston County,* 231 N.C. 592, 58 S.E. 2d 99.

The demurrer *ore tenus* was sustained, the issuance of a restraining order was denied, and the action dismissed. The appellant assigns error in the ruling of the court sustaining the demurrer and signing the judgment. The sole purpose of the suit was to obtain a restraining order. The facts alleged were admitted by the demurrer, which was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action. Only questions of law were presented. Hence, upon the ruling of the court sustaining the demurrer and denying the injunctive relief prayed for, dismissal of the action was in order. *Groves v. McDonald,* 223 N.C. 150, 25 S.E. 2d 387. The question of the timeliness of the judgment of dismissal is not presented. *Dillingham v. Kligerman, ante,* 298.

Judgment affirmed.