ORVILLE G. GASKILL, LEONARD Y. SAFRIT, G. W. HUNTLEY, JR., ET ALS., v. JOHN D. COSTLOW, MAYOR, EARL MADES, DAVID C. FARRIOR, FRANK LANGDALE, OSBORNE G. DAVIS AND GLENN B. WILLIS, JR., COMMISSIONERS OF THE TOWN OF BEAUFORT; AND THE TOWN OF BEAUFORT, A MUNICIPAL CORPORATION OF THE STATE OF NORTH CAROLINA; AND THOMAS WADE BRUTON, ATTORNEY GENERAL OF NORTH CAROLINA.

(Filed 20 June, 1967.)

**1. Municipal Corporations § 2;   Statutes § 2—**

Chapter 1189, Session Laws of 1963, applicable solely to the Town of Beaufort and providing that in the event the sewerage system of a municipality shall have been declared a source of unlawful pollution to adjacent streams or waterways the municipality should not be required to extend any sewerage outfalls into an area annexed by it, *held* a local act relating to health and sanitation within the meaning of Article II, § 29, of the Constitution of North Carolina, and therefore void.

**2. Municipal Corporations § 2;   Administrative Law § 2—**

An owner of land in an area annexed by a municipality may attack the validity of the annexation ordinance only by filing a petition within 30 days following the passage of the ordinance seeking a review of the action of the municipal board of commissioners, in accordance with the procedure provided by the statute, and an independent action instituted some 22 months after the adoption of the ordinance and seeking to have it declared void *ab initio*, should be dismissed. G.S. 160-453.6.

APPEAL by defendants from *Latham, Special Judge,* November 28, 1966 Civil Session of CARTERET.

Civil action (No. 110 on our docket) instituted January 15, 1966, under the Declaratory Judgment Act, G.S. 1-253 *et seq.,* for a determination that Chapter 1189, Session Laws of 1963, is unconstitutional, and that an Annexation Ordinance adopted March 16, 1964, by the Board of Commissioners of the Town of Beaufort is void *ab initio.*

On July 29, 1965, these plaintiffs instituted a separate action (No. 121 on our docket) seeking relief by writ of *mandamus* or, alternatively, that the same Annexation Ordinance be declared void *ab initio.*

The two cases were heard together. A jury trial was waived. The court's findings of fact in each case are based on the same stipulations and evidence. An opinion in the prior separate action is being filed simultaneously herewith. Reference is made to the preliminary statement therein for pertinent facts relating to the annexation proceedings, including the provision of the "Report Setting forth Plans as to Services to Areas to be Annexed" relating to sewerage.

Judge Latham held said 1963 statute unconstitutional, and ad-

judged said Annexation Ordinance null and void. Defendants excepted and appealed.

*Harvey Hamilton, Jr., and Ward & Tucker for plaintiff appellees.*

*Wheatly & Bennett for defendant appellants.*

BOBBITT, J.   G.S. 160-453.3(3)b requires, in respect of a plan for extension of services to areas proposed to be annexed, the following: "Provide for extension of water mains and sewer lines into the area to be annexed so that property owners in the area to be annexed will be able to secure public water and sewer services according to the policies in effect in such municipality for extending water and sewer lines to individual lots or subdivisions. If the municipality must, at its own expense, extend water and/or sewer mains into the area to be annexed before property owners in the area can, according to municipal policies, make such connection to such lines, then the plans must call for contracts to be let and construction to begin on such lines within one year following the effective date of annexation."

Chapter 1189, Session Laws of 1963, enacted subsequent to our decision in *Huntley v. Potter*, 255 N.C. 619, 122 S.E. 2d 681 (1961), provides:

"Section 1.   Subsection (3)b of G.S. 160-453.3 is hereby amended by changing the period at the end thereof to a semicolon, and by adding immediately thereafter the following: 'provided, however, that in the event the sewerage system of the municipality shall have been declared to be unfit, obsolete, or a source of unlawful pollution to adjacent streams or waterways by the State Stream Sanitation Committee, then the municipality shall not be required to extend any sewerage outfalls into the area to be annexed; provided, further, that the area to be annexed shall be provided sewerage service on substantially the same basis and in the same manner as such service is provided within the rest of the municipality whenever a modernized sewerage system is created subject to the approval of the State Stream Sanitation Committee.'

"Sec. 2.   This Act shall apply only to the Town of Beaufort.

"Sec. 3.   All laws and clauses of laws in conflict with the provisions of this Act are hereby repealed to the extent of such conflict.

"Sec. 4.   This Act shall become effective upon its ratification.

"In the General Assembly read three times and ratified, this the 25th day of June, 1963."

Article II, Section 29, of the Constitution of North Carolina, in pertinent part, provides: "§ 29. Limitations upon power of General Assembly to enact private or special legislation. — The General Assembly shall not pass any local, private, or special act or resolution relating to health, sanitation, and the abatement of nuisances; . . . Any local, private or special act or resolution passed in violation of the provisions of this section shall be void. The General Assembly shall have power to pass general laws regulating matters set out in this section."

Manifestly, said 1963 Act, which applies "only to the Town of Beaufort," is a local act. *S. v. Dixon,* 215 N.C. 161, 1 S.E. 2d 521; *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888. Relating exclusively to sewerage facilities in the Town of Beaufort, it is a local act *relating to health and sanitation* within the meaning of Article II, Section 29, and therefore unconstitutional and void. *Lamb v. Board of Education,* 235 N.C. 377, 70 S.E. 2d 201; *Idol v. Street,* 233 N.C. 730, 65 S.E. 2d 313; *Board of Health v. Comrs. of Nash,* 220 N.C. 140, 16 S.E. 2d 677; *Sams v. Comrs. of Madison,* 217 N.C. 284, 7 S.E. 2d 540; *Sanitary District v. Prudden,* 195 N.C. 722, 143 S.E. 530; *Armstrong v. Comrs.,* 185 N.C. 405, 117 S.E. 388. In these cases, local statutes were held unconstitutional on the ground they related to health and sanitation and therefore were in violation of Article II, Section 29. The act involved in *Sanitary District v. Prudden, supra,* provided for the creation of a special sanitary district in Henderson County. The act involved in *Lamb v. Board of Education, supra,* prohibited the Board of Education of Randolph County from expending more than two thousand dollars for water and sewer service to any one school unless approved by a vote of the people. With reference thereto, Devin, C.J., states: "The statute in question is a local or special act. It relates only to Randolph County, and in Randolph County affects only a single agency, the County Board of Education. (Citations.) It relates to health and sanitation, since its sole purpose is to prescribe provisions with respect to sewer and water service for local school children in Randolph County. It purports to limit the power of the County Board of Education to provide for sanitation and healthful conditions in the schools by means of a sewerage system and an adequate water supply."

While in agreement with Judge Latham's ruling that said 1963 statute is unconstitutional and void, we are of opinion, and so decide, plaintiffs' action should have been dismissed on account of their failure, within thirty days following the passage of said Annexation Ordinance, to file a petition in the Superior Court of Carteret County seeking a review of the action of the Board of Commis-

sioners in accordance with the procedure prescribed by G.S. 160-453.6. Under the prescribed statutory procedure, plaintiffs could have challenged the constitutionality of said 1963 statute; the sufficiency of the plan for the extension of services to the areas proposed to be annexed; and the sufficiency of the plan and Annexation Ordinance in any other respect. The prescribed statutory procedure has been followed in prior litigation relating to annexations: *In re Annexation Ordinances*, 253 N.C. 637, 117 S.E. 2d 795; *Huntley v. Potter, supra; In re Annexation Ordinance*, 255 N.C. 633, 122 S.E. 2d 690.

In many jurisdictions, unless such ordinance be absolutely void, *e.g.*, on the ground of lack of legislative authority for its enactment, private individuals may not attack, collaterally or directly, the validity of proceedings extending the corporate limits of a municipality, this being an action to be prosecuted only by the state through its proper officers. Annotation, 13 A.L.R. 2d 1279. In this jurisdiction, G.S. 160-453.6(a) provides that any person owning property in the annexed territory has a right, "(w)ithin thirty days following the passage of" such ordinance, to challenge its validity by petition for review filed in the superior court.

A similar factual situation was considered in *Leavell v. Town of Texico*, 63 N.M. 233, 316 P. 2d 247, where the plaintiffs, owners of property in an annexed area, undertook to challenge the validity of an annexation resolution (ordinance) by independent action against the municipality and its officials. The statute under consideration provided that any aggrieved owner of property within the annexed area "shall have the right to appeal to the district court by filing his petition praying a review of the council's action within thirty (30) days after the adoption of such resoultion by the council." It was held that this statutory remedy was exclusive and the action was dismissed. Chief Justice Lujan, for the Court, stated: "Where a statute limits the time for appeal from municipal acts the action is barred if not brought within that period (62 C.J.S., Municipal Corporations § 65, p. 176), and a statutory remedy is exclusive (62 C.J.S., Municipal Corporations § 65 c, p. 177). The statute in prescribing a time for appeal gave the appellants an adequate remedy, and they can not be heard to complain if they did not take advantage of that remedy." *Leavell v. Town of Texico, supra*, is cited with approval in *City and County of Denver v. Board of County Comr's.*, 141 Colo. 102, 347 P. 2d 132.

The statute under consideration in *Hite v. Town of West Columbia*, 220 S.C. 59, 66 S.E. 2d 427, prescribed the procedure for contesting an extension of the limits of a city or town and the time

allowed for the commencement of such contest. It was held the action was barred on account of the plaintiffs' failure to file notice and institute suit within the prescribed statutory time. Justice Fishburne states: "It was doubtless in the mind of the general assembly that annexation issues should be decided without undue delay, so that the town officials would be advised whether the affected area would become a part of the municipality. Many questions connected with municipal government, including that of taxation, would need to be known with reasonable promptness." In this connection, it is noted that certain municipal services have been provided in the annexed areas of the Town of Beaufort since May 1, 1964, the effective date of the Annexation Ordinance, and that property owners within the annexed areas have paid municipal taxes.

We are of opinion, and so decide, that the statutory remedy provided by G.S. 160-453.6 was the only procedure available to plaintiffs to *prevent* the annexation provided by the Annexation Ordinance. Having been completed without being challenged in the manner prescribed by statute, the annexation is an accomplished fact; and the remedies of property owners and citizens within the annexed areas are those provided in G.S. 160-453.5(h).

For the reasons stated, the judgment purporting to adjudge the Annexation Ordinance and the annexation pursuant thereto void, is reversed.

Reversed.