INDUSTRIAL ACCIDENT BOARD,
Appellant,

v.

TEXAS WORKMEN'S COMPENSATION
ASSIGNED RISK POOL, Appellee.

No. 11977.

Court of Civil Appeals of Texas,
Austin.

Feb. 7, 1973.

Crawford C. Martin, Atty. Gen. of Texas, Melvin E. Corley, Asst. Atty. Gen., Austin, for appellant.

Charles M. Babb, Stayton, Maloney, Black, Hearne & Babb, Austin, for appellee.

SHANNON, Justice.

Appellee, The Texas Workmen's Compensation Assigned Risk Pool, filed a declaratory judgment suit in the district court of Travis County seeking a construction that the term, "legal entity," as used in one sentence of Vernon's Tex.Rev.Civ. Stat.Ann., Art. 8308, § 18a does not include assumed names of workmen's compensation insureds. Appellant is the Industrial Accident Board. Upon trial, judgment was entered for appellee to the effect that an assumed name of a subscriber is not a "legal entity." We will affirm that judgment.

Appellant by four points of error presents two grounds for reversal. First, appellant says that appellee is not entitled to a declaratory judgment for the reason that it lacked capacity to sue and because it does not have "sufficient" justiciable interest in the subject matter. The matter of capacity was raised by a pleading termed, "Defendant's Plea in Bar", and by special exception, while the question of appellee's interest was brought to the attention of the court by special exception. Appellant's second position is that the term "legal entity" as used in Sec. 18a includes assumed names.

The facts follow. Effective July 1, 1971 Section 18a of Art. 8308 was amended to authorize appellant to collect a $7.50 filing fee from the employer-subscriber at the time of filing for each year or part year of coverage on each "legal entity" on all policies including renewals and endorsements required to be filed with the appellant. The amendment provided further that the insurance carrier should transmit the fee to appellant.

Prior to the amendment, Section 18a required that when an employer became a subscriber to the Texas Workmen's Compensation law it was the employer's responsibility, and the insurance carrier's responsibility, to file a report with appellant listing all firm names under which the employer conducted business. Should the employer or the insurance carrier fail or refuse to file the report, a penalty in a sum not to exceed $1,000.00 could be imposed by appellant. In its present form Section 18a appears to require the insurance carrier also to collect the $7.50 for each "legal entity" on all the policies or be subject to the penalty.

Appellee is an unincorporated association of workmen's compensation insurer carriers created by statute for the purpose of providing workmen's compensation insurance for employers who are otherwise unable to obtain such coverage. Every insurance carrier offering workmen's compensation insurance to Texas employers is required to file with the State Board of Insurance written authority for appellee to act on its behalf in providing compensation insurance for rejected risks. See Tex.Ins. Code Ann., Art. 5.76(c) and Art. 5.76(f), V.A.T.S.

Appellee receives annually almost seven thousand applications for workmen's compensation insurance from employers whose applications for coverage have been reject-

ed by insurance carriers. These applications are accompanied by checks representing the deposit premium for insurance coverage. After processing the application appellee assigns the risk to a member insurance carrier.

After July 1, 1971, the effective date of the amendment, appellee began receiving hundreds of checks in the amount of $7.50, or multiples thereof, with the application for insurance. Some checks were made payable to appellee while others were payable to appellant. Other applicants for insurance included the fee or fees required by Sec. 18a in the same check for the deposit premium for insurance coverage. Though the fees required by Section 18a would be paid over to appellant, appellee had to retain the correct amount of the premium deposit. To do this, it was necessary to know the basis for the collection of the fee. Upon inquiry appellee was advised by appellant that appellee should require the payment of the $7.50 fee for each assumed name on each insurance policy, but that appellant "would rather not" put that departmental policy in writing. The record shows that appellant's view was also that those carriers which failed to transmit the fees for each assumed name on the policy were subject to the $1,000.00 penalty. This was of concern to appellee since, as it viewed its by-laws, should any member company be so penalized, the appellee would be required to indemnify the servicing company against the payment of the penalty.

■ Appellant claims that appellee lacks capacity to file a lawsuit since the statute authorizing its creation, Tex.Ins.Code Ann., Art. 5.76, does not provide appellee with that power. Though Art. 5.76 is silent with respect to the power of appellee to file a declaratory judgment suit, ordinarily, public officers need not be authorized by statute to file suit since those officials have implied power to do so coextensive with their public trusts and duties. Auditor General v. Lake George & M. R. R. Co. et al.,

82 Mich. 426, 46 N.W. 730 (Sup.Ct., Mich. 1890). Supervisor of Town of Galway v. Stimson, 4 Hill 136 (N.Y.1843).

Tex.Civ.Stat.Ann., Art. 2524–1, sec. 2, the Uniform Declaratory Judgment Act, specifically provides that one ". . . whose rights, status, or other legal relations are affected by a *Statute* . . ." may ". . . obtain a declaration of rights, status, or other legal relations thereunder." (Emphasis added).

■ Public officers are entitled to have their legal duties determined by declaratory judgment for only in this manner may well intentioned, but unlawful acts, be avoided with certainty. See Board of Health v. Board of Com'rs, 220 N.C. 140, 16 S.E.2d 677 (1941). To this end public officers and boards have frequently resorted to declaratory relief. See Langer v. State, 69 N.D. 129, 284 N.W. 238 (1939), Rosch v. First Savings & Loan Ass'n, 203 S.W.2d 1006 (Tex.Civ.App.1947, no writ), Borchard, Declaratory Judgments, p. 888 (2nd Ed., 1941).

■ Though Art. 8308, § 18a, may be the proper subject for a declaratory judgment action, still one filing a declaratory judgment suit, as in other classes of actions, must demonstrate that he has a justiciable interest in the lawsuit. See Texas Agricultural Workers Union v. Isbell, 195 S.W.2d 206 (Tex.Civ.App.1946, writ ref. n. r. e.).

Though it is the appellant which receives the benefit of the collection of the $7.50 fee, appellee, in practice, has the responsibility to collect that fee from the carrier, or the subscriber, in cases of assigned risks. In connection with the thousands of applications for insurance received, appellee has encountered the many problems of administration enumerated above caused by the confusion surrounding the oral construction by appellant of the term, "legal entity". In addition to the increased administrative burden placed upon appellee, appellee's view is that in the event one of

appellee's member companies were subjected to the penalty in connection with an assigned risk policy for failure to pay the $7.50 fee for an assumed name on the policy, then appellee, and ultimately all of the members, would be required to indemnify that company for its loss.

The matter of appellee's interest in the subject matter of this suit is not free from doubt. Under these circumstances, however, we have concluded to resolve this doubt in favor of our jurisdiction, and, in the exercise of our discretion, to state our view of the question before us. See Texas State AFL–CIO v. Brown, 378 S.W.2d 917 (Tex.Civ.App.1964, writ ref. n. r. e.).

Section 18a states that the $7.50 fee shall be collected "on each legal entity" on all policies. Legal entity means legal existence; a person in the eyes of the law. 30 C.J.S. p. 722. An "assumed name" is a word or phrase by which a person or corporation may be made known to the public, and is not a legal entity.

Affirmed.