CHEM-SECURITY SYSTEMS, INC. v. DR. SARAH T. MORROW, SECRETARY OF THE DEPARTMENT OF HUMAN RESOURCES; DR. RONALD H. LEVINE, DIRECTOR OF THE DIVISION OF HEALTH SERVICES; MR. O. W. STRICKLAND, HEAD OF THE SOLID AND HAZARDOUS WASTE MANAGEMENT BRANCH; RUFUS L. EDMISTEN, ATTORNEY GENERAL FOR THE STATE OF NORTH CAROLINA; COUNTY OF ANSON

No. 8210SC228

(Filed 1 March 1983)

**Constitutional Law § 13— local legislation—hazardous waste—relating to "health, sanitation and the abatement of nuisances"—unconstitutional**

A local act which was entitled "An Act to Regulate The Disposal of Hazardous Wastes And Radioactive Material In Anson County" was unconstitutional in that it violated Article II, § 24(1)(a) of the North Carolina Constitution in that it directly related to health, sanitation and the abatement of nuisances, and since it violated Article XIV, § 3 of the North Carolina Constitution which prohibits the enactment of any local act concerning a subject matter directed or authorized to be accomplished by general laws.

APPEAL by defendants from *Farmer, Judge.* Judgment entered 29 January 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1983.

Plaintiff commenced this action under the Declaratory Judgment Act, G.S. 1-253 *et seq.*, seeking a determination that Chapter 718, Session Laws of 1981, entitled "An Act to Regulate The Disposal of Hazardous Wastes And Radioactive Material In Anson County" (the "Anson County Act"), is unconstitutional and invalid.

Plaintiff moved for summary judgment. Following a hearing on the motion, Judge Farmer concluded that the Anson County Act is local legislation which relates to "health, sanitation and the abatement of nuisances" and therefore violates Article II, Section 24 and Article XIV, Section 3 of the North Carolina Constitution. Judge Farmer further concluded that the Anson County Act is invalid because it was repealed by the Waste Management Act of 1981, Chapter 704, Sessions Laws of 1981. Defendants excepted and assigned error to each of these conclusions.

*Ogletree, Deakins, Nash, Smoak and Stewart, by W. Britton Smith, Jr., and Taylor and Bower, by H. P. Taylor, Jr., for plaintiff-appellee.*

*Attorney General Rufus L. Edmisten, by Assistant Attorneys General Robert R. Reilly and Thomas G. Meacham, Jr., for defendants-appellants.*

HILL, Judge.

Article II, Section 24 of the North Carolina Constitution provides, in relevant part, as follows:

Sec. 24. *Limitations on local, private, and special legislation.*

(1) *Prohibited subjects.* The General Assembly shall not enact any local, private, or special act or resolution:

(a) Relating to health, sanitation, and the abatement of nuisances;

*        *        *

(3) *Prohibited acts void.* Any local, private, or special act or resolution enacted in violation of the provisions of this Section shall be void.

(4) *General laws.* The General Assembly may enact general laws regulating the matters set out in this Section.

Appellants concede that the Anson County Act is a local act. They contend, however, that it does not violate Article II, Section 24(1)(a) of the North Carolina Constitution because it does not directly relate to health, sanitation and the abatement of nuisances. We disagree.

The Anson County Act provides, in part, as follows:

Whereas, hazardous wastes and radioactive material are inevitable by-products of industry in our technologically and scientifically advanced society; and

Whereas, experience has shown that the improper disposal of hazardous wastes and radioactive material has devastating immediate and long-term effects on the environment including crop damage, soil contamination and loss of wildlife, including fish and game animals; and

Whereas, agriculture and outdoor recreational activity, including hiking, hunting and fishing are essential to the economy of Anson County; and

Whereas, a hazardous waste disposal site located in certain areas in Anson County could be a detriment to the wildlife habitat of the area . . .

\* \* \*

*The General Assembly of North Carolina enacts:*

Section 1. No hazardous wastes, as defined in G.S. 130-166.14(4), or radioactive material, as defined in G.S. 104E-5(14), may be disposed of in Anson County unless the water table at the disposal site is at least 75 feet below the surface.

Appellants argue that the Anson County Act is addressed to the protection of Anson County's natural resources, not to a particular health or sanitation need, and therefore does not violate Section 24(1)(a) of the Constitution. We cannot accept this rationale, in spite of the preamble to the Act, because we cannot imagine a more pressing health or sanitation need than the proper disposal of hazardous wastes and radioactive material. The

very definition of "hazardous wastes" incorporated into the Anson County Act discloses the direct relationship between the disposal of such wastes and human health. " 'Hazardous waste,' means a solid waste, or combination of solid wastes which . . . may . . . [p]ose a substantial present or potential hazard to human health or the environment when improperly . . . disposed of . . . ." G.S. 130-166.16(4).

It is equally apparent that the Anson County Act relates directly to "sanitation." The sole purpose of the Act is to regulate the disposal of waste in Anson County. Local acts dealing with sewer systems and sewer service for the disposal of waste have been declared unconstitutional as relating to sanitation. *Gaskill v. Costlow*, 270 N.C. 686, 155 S.E. 2d 148 (1967); *Lamb v. Board of Education*, 235 N.C. 377, 70 S.E. 2d 201 (1952). A local act purporting to regulate the disposal of hazardous wastes in landfills clearly relates to sanitation in the same manner.

We also affirm Judge Farmer's conclusion that the Anson County Act unconstitutionally relates to the abatement of nuisances. Improper disposal of hazardous wastes and radioactive material would surely be a public nuisance since it would result, according to the preamble to the Act, in "devastating and immediate and long-term effects on the environment, including crop damage, soil contamination and loss of wildlife . . . ." Cf. *Chadwick v. Salter*, 254 N.C. 389, 119 S.E. 2d 158 (1961) (a local act regarding removal and disposal of cattle roaming on the Outer Banks of North Carolina held unconstitutional as relating to abatement of a public nuisance).

Judge Farmer also concluded correctly that the Anson County Act violates Article XIV, Section 3 of the North Carolina Constitution. That Section prohibits the enactment of any local act concerning a subject matter directed or authorized to be accomplished by general laws. Section 24(4) of Article II authorizes the enactment of general laws relating to health, sanitation and the abatement of nuisances. As we have previously held, the Anson County Act is a local act relating to health, sanitation and the abatement of nuisances. As such, it violates Article XIV, Section 3 of the North Carolina Constitution.

In view of our decision that the Anson County Act is unconstitutional, we need not determine whether it was repealed by the Waste Management Act of 1981.

The decision below is

Affirmed.

Judges ARNOLD and WHICHARD concur.